**STATE of Minnesota, Appellant,**

v.

**Charlotte NISKA and Harvey Jacob Niska, Respondents.**

**No. C4–92–1478.**

Court of Appeals of Minnesota.

April 20, 1993.

Review Granted June 22, 1993.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, and Michael O. Freeman, Hennepin County Atty. and Michael Richardson, Asst. County Atty., Minneapolis, for appellant.

William R. Kennedy, Hennepin County Public Defender, and Renee Bergeron and Peter W. Gorman, Asst. Public Defenders, Minneapolis, for respondents.

Considered and decided by HUSPENI, P.J., and PETERSON and FOLEY*, JJ.

## OPINION

PETERSON, Judge.

The State of Minnesota appeals from a pretrial order dismissing charges of deprivation of parental rights, kidnapping, and false imprisonment for lack of probable cause. Both parties challenge the trial court's construction of a statutory defense to deprivation of parental rights. We affirm in part, reverse in part and remand for further proceedings.

## FACTS

Respondents Harvey and Charlotte Niska are the parents of Jody Niska and the grandparents of Dominique Niska. Dominique was born on April 5, 1981. Her mother, Jody Niska, was not married when Dominique was born. Initially, no father was listed on Dominique's birth certificate. In March 1982, Peter Karlsson and Jody Niska signed a declaration of paternity, and an affidavit acknowledging Karlsson's paternity was filed with the State of Minnesota. With Jody Niska's consent, Karlsson's name was added to Dominique's birth certificate on March 16, 1982.

Sometime prior to 1983, Harvey and Charlotte Niska began a dependency/neglect proceeding on behalf of Dominique. On January 28, 1983, the juvenile court issued an order finding Dominique was a dependent child as defined in Minn.Stat. § 260.15, subd. 6 (1982). The order identified Peter Karlsson as Dominique's natural father, awarded him temporary legal and partial physical custody, and required him to pay child support. However, there was no adjudication of paternity until February 1992.

In December 1983, Jody Niska was awarded sole legal and physical custody of

* Retired judge of the Minnesota Court of Appeals, acting by appointment pursuant to Minn. Const. art. VI, § 10.

Dominique, and Karlsson was granted visitation. In October 1985, Jody Niska placed physical custody of Dominique with Harvey and Charlotte Niska. Thereafter, until January 1991, Peter Karlsson was unaware of Dominique's whereabouts. In 1986, with Jody Niska's consent, Dominique moved to Arizona with Harvey and Charlotte Niska.

In January 1991, Arizona authorities took Dominique into protective custody. Harvey and Charlotte Niska were arrested and charged with the following offenses: one count of depriving another of custodial or parental rights in violation of Minn.Stat. § 609.26, subd. 1(1) (Supp.1985); one count of depriving another of custodial or parental rights in violation of Minn.Stat. § 609.26, subd. 1(3) (Supp.1985); one count of aggravated forgery in violation of Minn. Stat. § 609.625, subd. 3 (1986); one count of aggravated forgery in violation of Minn. Stat. § 609.625, subd. 3 (Supp.1987); one count of kidnapping in violation of Minn. Stat. § 609.25, subd. 1(2) (1984); one count of false imprisonment in violation of Minn. Stat. § 609.255, subd. 2 (1984); and one count of aggravated forgery (uttering) in violation of Minn.Stat. § 609.625, subd. 3 (1982).

The trial court dismissed two counts of aggravated forgery and the kidnapping and false imprisonment charges for lack of probable cause. The trial court also dismissed the charge of depriving another of parental rights in violation of Minn.Stat. § 609.26, subd. 1(3) for lack of probable cause. The court's rulings on the aggravated forgery charges are not at issue on appeal. The state challenges the dismissal of the depriving another of parental rights, the kidnapping and the false imprisonment charges. Both parties challenge the trial court's construction of the statutory defense to depriving another of parental rights set forth in Minn.Stat. § 609.26, subd. 2 (Supp.1985).

## ISSUES

I. Did the trial court err in dismissing the depriving another of parental rights charge?

II. Did the trial court err in dismissing the kidnapping charge?

III. Did the trial court err in dismissing the false imprisonment charge?

IV. Did the trial court err in construing Minn.Stat. § 609.26, subd. 2 (Supp.1985)?

## ANALYSIS

■ Generally, the prosecution may not appeal from a pretrial order dismissing a complaint for lack of probable cause. Minn.R.Crim.P. 28.04, Subd. 1(1). However, when the dismissal for lack of probable cause is based on the trial court's interpretation of a statute, the state may appeal because the dismissal effectively prevents further prosecution and makes reissuing a complaint futile. *State v. Kiminski*, 474 N.W.2d 385, 389 (Minn.App.1991), *pet. for rev. denied* (Minn. Oct. 11, 1991); *State v. Olson*, 382 N.W.2d 279, 281 (Minn.App. 1986). A dismissal based on the interpretation of a statute is subject to de novo review on appeal since statutory construction is a question of law. *Kiminski*, 474 N.W.2d at 389.

### I.

■ The trial court's dismissal of the depriving another of parental rights charge was based on statutory construction. Minn.Stat. § 609.26, subd. 1 (Supp.1985) provides:

> Whoever intentionally does any of the following acts may be charged with a felony * * *:
>
> *   *   *   *   *   *
>
> (3) takes, obtains, retains or fails to return a minor child from or to the parent, where the action manifests an intent substantially to deprive that parent of rights to visitation or custody.

Even though the depriving another of parental rights charge was dismissed based on statutory construction, respondents argue the dismissal was not appealable because the state was allowed to continue prosecution under Minn.Stat. § 609.26, subd. 1(1) (Supp.1985). Minn.Stat. § 609.26, subd. 1(1) prohibits concealing a child from a parent or "another person having

the right to visitation or custody." Because the statute applies to parents and other persons, according to respondents, proving a violation of Minn.Stat. § 609.26, subd. 1(3) would necessarily prove a violation of Minn.Stat. § 609.26, subd. 1(1), and, therefore, the state's case against respondents for depriving another of parental rights was not affected by the dismissal of the charge under Minn.Stat. § 609.26, subd. 1(3).

■ Respondents' argument is not persuasive. The parent/nonparent distinction is not the only difference between Minn.Stat. § 609.26, subd. 1(1) and Minn.Stat. § 609.26, subd. 1(3). Minn.Stat. § 609.26, subd. 1(1) prohibits concealing a child. Minn.Stat. § 609.26, subd. 1(3) prohibits taking, obtaining, retaining or failing to return a child. It is possible the state could prove that a child was taken, obtained, retained, or not returned without proving the child was concealed. Where the facts alleged would support alternative charges, the state has discretion to choose what offenses to charge. *Kiminski*, 474 N.W.2d at 389. The possibility of alternative applicable statutes does not preclude an appeal from a dismissal of the offense that the state would prefer to prosecute. *Id.* The issue of whether the trial court erred in dismissing the charge under Minn. Stat. § 609.26, subd. 1(3) is properly before this court.

■ In dismissing the deprivation of parental rights charge, the trial court apparently interpreted the statute to mean that only an adjudication of paternity under the parentage act could establish the father/child relationship for purposes of this offense. Because there had been no adjudication of paternity at the time the alleged offense occurred, the trial court determined Jody Niska had sole custody of Dominique and could consent to the actions of her parents.

It is not appropriate to construe Minn. Stat. § 609.26 in light of the parentage act because the two statutes are not in pari materia.

"Statutes 'in pari materia' are those relating to the same person or thing or having a common purpose." *Apple Valley Red–E–Mix, Inc. v. State*, 352 N.W.2d 402, 404 (Minn.1984). Such statutes should be construed in light of one another.

*State v. McKown*, 475 N.W.2d 63, 65 (Minn. 1991), *cert. denied*, ⸻ U.S. ⸻, 112 S.Ct. 882, 116 L.Ed.2d 786 (1992).

■ When two statutes are based on separate and distinct purposes and the statutory language does not suggest they should be construed together, application of the doctrine of in pari materia is not appropriate. *Id.* at 66; *Apple Valley Red–E–Mix*, 352 N.W.2d at 405–06 (that two statutes have different purposes and that neither mentions the other is evidence that the two are not in pari materia). Minn. Stat. § 609.26 and the parentage act are not in pari materia. The statutory language does not suggest the two statutes should be construed together. They do not relate to the same persons, and they have different purposes.

The purpose of the parentage act is to permit judicial establishment of the parent and child relationship so that the legal rights, privileges, duties, and obligations of the parties to the relationship can be enforced. *See* Minn.Stat. § 257.52 (1990) (definition of parent/child relationship); *State v. Sax*, 231 Minn. 1, 7, 42 N.W.2d 680, 684 (1950) (purpose of parentage act is to put father in position as if child were legitimate and to benefit the mother, the child and the public).

Minn.Stat. § 609.26 applies to persons other than the parties to a parent and child relationship. *See* Minn.Stat. § 609.26 ("whoever" does a described act). It is a punitive statute intended to prevent third parties from wrongfully depriving a parent of the enjoyment of parental rights. Minn. Stat. § 609.26 applies to a parent only if the parent separates the child from the child's other parent with the intent to deprive the other parent of parental rights. Actions of a parent that affect only the relationship between that parent and that parent's child do not violate Minn.Stat. § 609.26.

Under Minn.Stat. § 609.26, subd. 1(3), the parent/child relationship is an element of the offense that must be proved during the prosecution of the offense. At the pretrial stage, the prosecution need only allege facts which, if proved, would support a finding that a person was a parent who could be deprived of parental rights. *See State v. Rud*, 359 N.W.2d 573, 579 (Minn.1984) (charges need not be dismissed for lack of probable cause when state has substantial evidence admissible at trial that would justify denial of motion for directed verdict of acquittal). The state alleged the following evidence of paternity. Karlsson is named as the father on Dominique's birth certificate and has held himself out as Dominique's father. Karlsson and Jody Niska signed a declaration of paternity, and an affidavit acknowledging Karlsson's paternity was filed with the State of Minnesota. Karlsson has also acknowledged his paternity in sworn depositions and obtained a court order granting him visitation rights. These facts, if proved, are sufficient to support a finding that Karlsson is Dominique's parent for purposes of Minn.Stat. § 609.26, subd. 1(3).

Even if it were appropriate to construe Minn.Stat. § 609.26 in light of the parentage act, we would not conclude that an adjudication of paternity is required before the prohibitions regarding a parent contained in the deprivation of parental rights statute will apply to a father. The parentage act does not define "parent" and does not use the word "parent" to refer only to a person who has been adjudicated the parent of a child. Minn.Stat. § 257.67, subd. 1 (1982), the statute in effect when Dominique was born, provided:

> If existence of the parent and child relationship is declared, or parentage or a duty of support has been acknowledged or adjudicated under sections 257.51 to 257.74 or under prior law, the obligation of the non-custodial parent may be enforced in the same or other proceedings by the custodial parent, the child, the public authority that has furnished or may furnish the reasonable expenses of pregnancy, confinement, education, support, or funeral, or by any other person, including a private agency, to the extent he has furnished or is furnishing these expenses.

In this section of the parentage act, the legislature used the word "parent" to include more than a person who has been adjudicated a parent.

## II.

The trial court's dismissal of the kidnapping charge was based on statutory construction. Minn.Stat. § 609.25, subd. 1 (1984) provides:

> Whoever, for any of the following purposes, confines or removes from one place to another, any person * * * without the consent of his parents or other legal custodian, is guilty of kidnapping * * *:
>
> * * * * * *
>
> (2) To facilitate commission of any felony or flight thereafter.

Based on its conclusion that the state presented insufficient evidence to support a finding that Karlsson was Dominique's father, the trial court determined that only Jody Niska's consent was required to allow her parents to take Dominique to Arizona and dismissed the kidnapping charge.

The analysis applied to determine whether the state presented sufficient evidence to support a finding that Karlsson was Dominique's parent for purposes of the depriving another of parental rights charge also applies to the kidnapping charge. Because we have concluded the state presented sufficient evidence to support a finding that Karlsson was Dominique's father, Jody Niska's consent is not a sufficient basis to dismiss the kidnapping charge.

Respondents argue that, even if the evidence would support a finding that Karlsson was Dominique's father, the kidnapping charge was properly dismissed because there was no evidence of confinement or restraint. However, confinement or restraint is not an element of kidnapping. A person who "removes from one place to another" a child under age 16 without the consent of the child's parents to "facilitate commission of any felony or

flight thereafter" is guilty of kidnapping. Minn.Stat. § 609.25, subd. 1(2).

The state has alleged respondents removed Dominique from Minnesota to Arizona without the consent of Karlsson to deprive Karlsson of his parental rights. Depriving another of parental rights is a felony. Minn.Stat. § 609.26, subd. 1. The alleged acts, if proved, will support a conviction for kidnapping.

### III.

■■■ The trial court's dismissal of the false imprisonment charge was based on statutory construction. Minn.Stat. § 609.-255, subd. 2 (1984) provides:

Whoever, knowing he has no lawful authority to do so, intentionally confines or restrains a child not his own under the age of 18 years without his parent's or legal custodian's consent * * * is guilty of false imprisonment.

Based on its conclusion that the state presented insufficient evidence to support a finding that Karlsson was Dominique's father, the trial court determined only Jody Niska's consent was required to allow her parents to take Dominique to Arizona and dismissed the false imprisonment charge.

The analysis applied to determine whether the state presented sufficient evidence to support a finding that Karlsson was Dominique's parent for purposes of the depriving another of parental rights and kidnapping charges also applies to the false imprisonment charge. Because we have concluded the state presented sufficient evidence to support a finding that Karlsson was Dominique's father, Jody Niska's consent is not a sufficient basis to dismiss the false imprisonment charge. However, the charge was properly dismissed because there was no evidence of confinement or restraint.

Confinement or restraint is an element of false imprisonment. Minn.Stat. § 609.255, subd. 2.

To confine or restrain a person is to deprive a person of the freedom to go where the person pleases and is lawfully entitled to go, or to leave the place where the person is. The restraint or confinement may include the use of physical barriers, the use of physical force, or the threat of the immediate use of physical force if the person confined or restrained reasonably believes that the person making the threat has the ability to carry out the threat.

10 *Minnesota Practice,* CRIMJIG 15.04 (1990); *see also State v. Dokken,* 312 N.W.2d 106, 108 (Minn.1981) (quoting standard instruction and holding evidence did not show defendant restrained or restricted child's movements against his will).

There is no evidence that Dominique was deprived of the freedom to go where she wanted to go or to leave where she was. Nothing suggests Dominique did not want to be with her grandparents in Arizona. She may only have wanted to be there because of the deception that occurred, but, if she did not want to be somewhere else or was not physically prevented from going somewhere she wanted to go, there was no false imprisonment. Absent any evidence of confinement or restraint, the trial court properly dismissed the false imprisonment charge.

### IV.

Minn.Stat. 609.26, subd. 2 (Supp.1985) provided:

No person violates subdivision 1 if the action:

(1) is taken to protect the child from physical or sexual assault or substantial emotional harm;

\*    \*    \*    \*    \*    \*

The defenses provided in this subdivision are in addition to and do not limit other defenses available under this chapter or chapter 611.

In 1988, the statute was amended to the following:

It is an affirmative defense if a person charged under subdivision 1 proves that:

(1) the person reasonably believed the action taken was necessary to protect the child from physical or sexual assault or substantial emotional harm;

\*    \*    \*    \*    \*    \*

The defenses provided in this subdivision are in addition to and do not limit other defenses available under this chapter or chapter 611.

1988 Minn.Laws ch. 523, § 1. Based on its determination that the 1988 amendment was merely a clarification of existing law, the trial court assigned the burden of proving the statutory defense by a fair preponderance of the evidence to respondents. The trial court also incorporated a reasonableness requirement into the 1985 version of the statute.

The 1988 amendment contained two specific provisions regarding the law's effective date.

To the extent that it states that Minnesota Statutes, section 609.26, subdivision 2 creates affirmative defenses to a charge under Minnesota Statutes, section 609.26, section 1 clarifies the original intent of the legislature in enacting Laws 1984, chapter 484, section 2; does not change the substance of Minnesota Statutes, section 609.26; and does not modify or alter any convictions entered under that section before the effective date of section 1.

1988 Minn.Laws ch. 523, § 2.

Except as provided in section 2, section 1 is effective August 1, 1988, and applies to crimes committed on or after that date.

1988 Minn.Laws ch. 523, § 3.

Based on section two of the 1988 amendment, we conclude the legislature intended to create an affirmative defense when it enacted the deprivation of parental rights statute in 1984. We must, therefore, determine whether the legislature's use of the term affirmative defense is significant. The state argues that the defendant always bears the burden of proving an affirmative defense.

■ In some states, use of the term affirmative defense means the defendant bears the burden of proving the defense. 1 Charles E. Torcia, *Wharton's Criminal Law* § 39 n. 20 (14th ed.1978). However, in Minnesota, the term is not defined by either statute or caselaw. When considering the burden of proving a specific de-

fense, the Minnesota Supreme Court has distinguished between a defendant's burden of producing evidence of a defense and the ultimate burden of persuasion for the defense. *State v. Charlton,* 338 N.W.2d 26, 29 (Minn.1983). Although it loosely has referred to various defenses as "affirmative defenses," the court has looked to the nature of the defense in assigning the burden of proof and has not defined the term "affirmative defense." *See id.* at 29–30 (discussing assignment of burden of proof for various defenses). We conclude that labelling a defense an affirmative defense does not constitute an assignment of the burden of proof to the defendant.

■ We next consider the effect of the remaining parts of the 1988 amendment. The amendment did three things: (1) designated the defense an affirmative defense; (2) provided that the defendant must prove the defense; and (3) limited the defense to cases where the defendant reasonably believed that the action taken was necessary. 1988 Minn.Laws ch. 523, § 1. If the entire amendment was merely a clarification of existing law, it would have been unnecessary for the legislature to enact section three of the amendment because section two could have stated that the entire amendment was a clarification. Instead, section two states

*To the extent that it states that Minnesota Statutes, section 609.26, subdivision 2 creates affirmative defenses* to a charge under Minnesota Statutes, section 609.26, section 1 clarifies the original intent of the legislature in enacting Laws 1984, chapter 484, section 2.

1988 Minn.Laws ch. 523, § 2 (emphasis added). Section three of the 1988 amendment then specifies the effective date for the other changes made by the 1988 amendment. 1988 Minn.Laws ch. 523, § 3. Based on sections two and three of the amendment, we conclude that designating the defense an affirmative defense was the only part of the 1988 amendment that clarified existing law. The 1988 changes assigning the burden of proof to the defendant and requiring the defendant's belief that the action was necessary to protect

the actor or the child be a reasonable belief were not clarifications and apply only to acts committed on or after August 1, 1988.

██ Respondents argue that prior to August 1, 1988, the statutory defenses should be treated as elements of the crime. We disagree. For acts committed prior to August 1, 1988, the defendant has the burden of producing sufficient evidence to make the defense one of the issues of the case. Once the defendant produces sufficient evidence to raise the issue, the burden shifts back to the state to disprove the existence of the defense. *See Charlton,* 338 N.W.2d at 29.

## DECISION

The trial court erred in determining there was insufficient evidence of paternity for purposes of the depriving another of parental rights and kidnapping charges and in dismissing the charges on that basis. Although the trial court erred in determining there was insufficient evidence of paternity for purposes of the false imprisonment charge, the trial court properly dismissed the charge because there was no evidence of confinement or restraint. For acts committed prior to August 1, 1988, the trial court erred in concluding that the statutory defense required a reasonable belief, instead of a belief, that respondents' actions were necessary to protect themselves or the child. For acts committed prior to August 1, 1988, the trial court erred in concluding that the respondents are required to prove the statutory defense by a fair preponderance of the evidence.

**Affirmed in part, reversed in part and remanded.**