STATE of Minnesota, Appellant,

v.

James Dana HANSON, Respondent.

No. C6–98–636.

Court of Appeals of Minnesota.

Aug. 25, 1998.

Review Denied Oct. 29, 1998.

Hubert H. Humphrey III, Attorney General, St. Paul; and Michael O. Freeman, Hennepin County Attorney, Gayle C. Hendley, Assistant County Attorney, Minneapolis, for appellant.

William E. McGee, Chief Hennepin County Public Defender, Peter W. Gorman, Assistant Public Defender, Minneapolis, for respondent.

Considered and decided by LANSING, P.J., NORTON * and SCHULTZ, JJ.

## OPINION

HAROLD W. SCHULTZ, Judge.**

The state appeals a pretrial order dismissing an enhanced charge of felony fifth-degree assault, Minn.Stat. § 609.224, subd. 4(b) (1996), which requires two or more prior violent assault convictions within three years. Because the plain language of the statute does not require specific sequencing of prior convictions, the enhanced felony charge applies to respondent James Dana Hanson, whose two prior assault convictions occurred on the same day. We reverse and remand.

## FACTS

On March 29, 1996, Hanson pleaded guilty to two fifth-degree misdemeanor domestic assaults arising from incidents occurring on December 14, 1995 and January 23, 1996. He was sentenced to 68 days in jail on each charge, was ordered not to have contact with the victim, and was required to complete domestic abuse counseling.

According to the present complaint, a third assault occurred on March 8, 1998, when Hanson and J.R., his girlfriend, were arguing in their home and Hanson struck J.R. several times on the head. As J.R. left the house with her three-year-old son, Hanson followed her, knocked her to the ground, and kicked her in the head. Due to his two prior convictions, the state charged Hanson with fifth-degree felony assault, Minn.Stat. § 609.224, subd. 4(b), as well as a separate count of child endangerment, Minn.Stat. § 609.378, subd. 1(b)(1) (1996).

At a probable cause hearing, Hanson conceded that he committed the March 8 assault, but he asserted that it should be charged only as a gross misdemeanor because the two prior convictions failed to occur in the sequence necessary to be charged as a felony. Hanson claims the proper sequence of offenses preceding an enhanced charge must necessarily be a first offense resulting in a conviction, a second offense resulting in a conviction, and a third offense. The trial court agreed and dismissed the fifth-degree felony assault charge⁶ against Hanson. The state appeals.

## ISSUES

I. For purposes of appellate review of a pretrial order dismissing a charge, is the critical impact test met if the dismissal functionally results merely in a reduction of the charge from a felony to a gross misdemeanor?

II. Do two prior convictions, arising from separate incidents but pleaded on the same day, constitute two separate convictions in determining whether to enhance the charge under Minn.Stat. § 609.224, subd. 4(b) (1996)?

## ANALYSIS

### I.

■ The state may appeal a dismissal for probable cause if it is based on a legal determination, such as statutory interpretation. *State v. Duffy,* 559 N.W.2d 109, 110 (Minn.App.1997); *State v. Niska,* 499 N.W.2d 820, 823 (Minn.App.1993), *aff'd in part, rev'd in part,* 514 N.W.2d 260 (Minn.1994); *see* Minn. R.Crim. P. 28.04, subd. 1(1) (stating general rule that probable cause dismissals are not appealable).

■ To prevail on appeal from a pretrial order, the state must clearly and unequivocally show both that "the trial court erred in its judgment and * * * the error will have a critical impact on the outcome of the trial." *State v. Kim,* 398 N.W.2d 544, 547 (Minn. 1987) (citation omitted); *see State v. Zanter,* 535 N.W.2d 624, 630 (Minn.1995). Critical

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

** Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

impact exists where a complaint is dismissed for lack of probable cause. *State v. Ohrtman,* 466 N.W.2d 1, 2 (Minn.App.1991); *see also State v. Aarsvold,* 376 N.W.2d 518, 520 (Minn.App.1985) (dismissals of charges for probable cause appealable if the dismissals "effectively prevented further prosecutions and made reissuing the complaints pointless"), *review denied* (Minn. Dec. 30, 1985). This court has also found the reduction of a charge from a felony to a petty misdemeanor to have critical impact. *See State v. Eggler,* 372 N.W.2d 12, 14 (Minn.App.1985).

■ Respondent argues that the state has not shown critical impact because the periods of confinement could potentially be the same irrespective of whether respondent was charged with a gross misdemeanor or a felony. Under general principles of criminal law, however, criminal acts are deemed comparable based on the severity of the criminal conduct, not on the duration of their punishment. *See* Minn.Stat. § 609.02, subd. 1 (1996) (defining crime as "conduct * * * prohibited by statute"). Moreover, as sentencing is subject to a trial court's discretion, respondent's calculation of potential sentences is speculative and ignores important distinctions between the two charges, particularly a difference in criminal history scores for calculating future sentences, and various disabilities imposed on convicted felons. We conclude the trial court's dismissal of the fifth-degree felony assault charge has a critical impact on the outcome of the prosecution.

## II.

■ Respondent Hanson also asserts the state erred in charging him with a fifth-degree felony assault because his two prior convictions occurred on the same day. Dismissal of a complaint based on the construction of a statute is subject to de novo review. *Niska,* 499 N.W.2d at 823; *see Hibbing Educ. Ass'n v. Public Employment Relations Bd.,* 369 N.W.2d 527, 529 (Minn.1985).

Minn.Stat. § 609.224, subd. 4(b), provides for an enhanced charge of fifth-degree as-

sault if a party has been convicted within three years of two other assaults, as follows:

> Whoever violates the provisions of subdivision 1 [1] within three years of the first of two or more previous convictions under this section or sections 609.221 to 609.2231 [assault], 609.2242 [domestic assault], or 609.713 [terroristic threats] is guilty of a felony and may be sentenced to imprisonment for not more than five years or to payment of a fine of not more than $10,000, or both.

*Id.*

When interpreting statutes, the function of the appellate court is to ascertain and effectuate the intention of the legislature, Minn. Stat. § 645.16 (1996), and if a statute is free from ambiguity, the court examines only its plain language. *Homart Dev. Co. v. County of Hennepin,* 538 N.W.2d 907, 912 (Minn. 1995) (where statute unambiguous, court has "no right to construe or interpret statute's language"); *Tuma v. Commissioner of Econ. Sec.,* 386 N.W.2d 702, 706 (Minn.1986) (same); *see also State v. Gorman,* 546 N.W.2d 5, 8 (Minn.1996) (court can "reach beyond the language of a statute only when it is ambiguous"). The fundamental rule of statutory interpretation requires the court "to look first to the specific statutory language and be guided by its natural and most obvious meaning." *Heaslip v. Freeman,* 511 N.W.2d 21, 22 (Minn.App.1994), *review denied* (Minn. Feb. 24, 1994); *see Ullom v. Independent Sch. Dist. No. 112, Chaska,* 515 N.W.2d 615, 617 (Minn.App.1994) (court prohibited from adding words to statute). Further, a court may not read into a statute a provision that the legislature "purposely omits or inadvertently overlooks." *Metropolitan Sports Facilities Comm'n v. County of Hennepin,* 561 N.W.2d 513, 516–17 (Minn. 1997) (quoting *Wallace v. Commissioner of Taxation,* 289 Minn. 220, 230, 184 N.W.2d 588, 594 (1971)).

We find no ambiguity in the language of Minn.Stat. § 609.224, subd. 4(b). It provides for a felony charge when a party commits a

---

1. Minn.Stat. § 609.224, subd. 1, defines the following conduct as misdemeanor assault:

   (1) committing an act with intent to cause fear in another of immediate bodily harm or death; or

   (2) intentionally inflicting or attempting to inflict bodily harm upon another.

certain offense "within three years of the first of two or more [similar] previous convictions." It requires no particular sequence of prior acts and convictions, nor does it rely on a definition requiring such a sequence. The statute merely references the first conviction as a benchmark for measuring the timing of the third or subsequent offense. Thus, we conclude that the trial court erred in reading a sequencing requirement into the statute and in dismissing the enhanced charge against respondent.[2]

Appellant strains to demonstrate analogous sequencing requirements in the criminal code that arguably demonstrate ambiguity in this statute. In particular, respondent references Minn.Stat. §§ 609.11 (1996),[3] a minimum sentencing statute, 609.152(1)(c) (1996),[4] an enhanced sentencing statute, and 609.346, subd. 3 (1996),[5] a repeat sex offender sentencing statute. As we conclude that this statute is clearly written and free from ambiguity, we decline to find the statutes cited by respondent controlling, in plain contradiction to the words used by the legislature. *Gorman*, 546 N.W.2d at 8.

## DECISION

The trial court erred in finding a sequencing requirement in Minn.Stat. § 609.224, subd. 4(b), and in dismissing the enhanced fifth-degree felony assault charge against respondent.

**Reversed and remanded.**

2. We also note that any presumption in favor of a criminal defendant does not apply when the language of the statute is unambiguous. *See Anderson v. Burnquist*, 216 Minn. 49, 53, 11 N.W.2d 776, 778 (1943).

3. Section 609.11 relies on language of "a second or subsequent offense," as defined in § 609.02, subd. 11, which reads as follows:
   "Second or subsequent violation" or "second or subsequent offense" means that prior to the commission of the violation or offense, the actor has been adjudicated guilty of a specified similar violation or offense.

4. Minn.Stat. § 609.152, subd. 1(c), defines "prior conviction" as one "that occurred before the offender committed the next felony resulting in a conviction and before the offense for which the offender is being sentenced under this section."

5. Minn.Stat. § 609.346, subd. 3, provides a specific definition for previous sex offense convictions. "A person has two previous sex offense convictions only if the person was convicted and sentenced for a sex offense committed after the person was earlier convicted and sentenced for a sex offense."