**STATE of Minnesota, Appellant,**

v.

**Travis Wade KOENIG, Respondent.**

No. C4–02–303.

Court of Appeals of Minnesota.

Aug. 20, 2002.

Mike Hatch, Attorney General, St. Paul, MN; and Amy Klobuchar, Hennepin County Attorney, Jean E. Burdorf, Assistant County Attorney, Minneapolis, MN, for appellant.

Joseph S. Friedberg, Minneapolis, MN; and Lisa Lodin Peralta, Minneapolis, MN, for respondent.

Considered and decided by PETERSON, Presiding Judge, SCHUMACHER, Judge, and MINGE, Judge.

## OPINION

ROBERT H. SCHUMACHER, Judge.

This appeal is from a pretrial order dismissing two counts of a three-count complaint against respondent Travis Koenig. The state argues that the trial court clearly erred in dismissing for lack of probable cause Count II, charging solicitation of a child to engage in sexual conduct. We affirm.

## FACTS

The state filed a complaint alleging that respondent Travis Koenig used a telephone chat line service on the evening of June 9, 2001, where he listened to a message posted by two juvenile girls, R.P. and J.L. The girls represented their ages to be 18 and 19. Koenig left a responsive message and later talked "live" with R.P. Koenig eventually met with the girls and rented a hotel room, where he engaged in sexual intercourse with R.P. The state charged him with third-degree criminal sexual conduct for engaging in sexual penetration with R.P., soliciting a child (R.P.) to engage in sexual conduct under Minn. Stat. § 609.352, subd. 1, and engaging in lewd conduct in the presence of a minor (J.L.).

Koenig filed a motion to dismiss all three counts, citing different grounds as to each charge. At the omnibus hearing, Koenig testified that he placed a call to the Minnesota Casual Sex Dateline, an "electronic posting board" he had seen advertised. There he heard a message from "two hot chicks" from St. Louis Park who said they were into "sex parties." Koenig testified that he left a message responding to this message and stating he "would like to take them up on the offer" and describing himself, including his age and appearance. Koenig testified that shortly after he received a voice mail message from "Shelly" asking what type of "sex stuff" he would like to do.

Koenig testified that he responded with a voice mail message, and they began trading more explicit messages. They then agreed to speak "live" with each other. These conversations resulted in an agreement to meet at an arranged place. When Koenig met R.P. ("Shelly") and J.L., they drove to a hotel, where Koenig engaged in sexual intercourse with R.P. while J.L. stayed in the bathroom. Koenig allegedly later resumed sexual activity with R.P. in the presence of J.L.

The district court issued an order granting in part Koenig's motion to dismiss.

The court concluded that Koenig's mistake-of-age defense presented a factual issue for the jury, and it denied his motion to dismiss Count I, which charged third-degree criminal sexual conduct. The court, however, granted Koenig's motion to dismiss Count II, charging solicitation of a child to engage in sexual conduct, concluding that Koenig's conduct did not meet the statutory definition of "solicit." The court also dismissed count III, but the state does not challenge that ruling.

## ISSUES

1. Has the state shown clearly and unequivocally that the ruling will have a critical impact on the outcome of the prosecution?

2. Did the district court clearly err in ruling that respondent did not "solicit" a child within the statutory definition of that term?

## I.

■ In order to prevail in a pretrial appeal, the state must show clearly and unequivocally that the district court has erred in its judgment and that the ruling, unless reversed, will have a critical impact on the outcome of the prosecution. *State v. Martin*, 591 N.W.2d 481, 484 (Minn. 1999). Koenig argues that the state has not shown that dismissal of the child solicitation count will have a critical impact.

[2, 3] The state can show critical impact from the dismissal of a charge even though the defendant can be prosecuted under another statute. *State v. Kiminski*, 474 N.W.2d 385, 389 (Minn.App.1991), *review denied* (Minn. Oct. 11, 1991). Although the district court's order allows the prosecution of Koenig for third-degree criminal sexual conduct to proceed, the proof of that charge presents different issues than the proof of solicitation. Koenig has a mistake-of-age defense to third-de-gree criminal sexual conduct that does not apply to the solicitation charge. Thus, the solicitation count could well turn out to be the only charge on which the state can obtain a conviction. This court has considered a pretrial appeal from an order that only partially dismissed a multi-count complaint. *State v. Niska*, 499 N.W.2d 820, 823 (Minn.App.1993), *aff'd in part, rev'd in part on other grounds*, 514 N.W.2d 260 (Minn.1994). Although *Niska* does not discuss critical impact, it reflects the view that even an order dismissing only one count of a multi-count complaint may have critical impact. We conclude that the order dismissing the solicitation count has critical impact.

## II.

■ The state argues that the district court erred in dismissing Count II, charging Koenig with solicitation of a child to engage in sexual conduct. In order to prevail on this claim, the state must show clearly and unequivocally that the district court erred. *Martin*, 591 N.W.2d at 484. This court, however, reviews issues of statutory construction de novo. *State v. Murphy*, 545 N.W.2d 909, 914 (Minn.1996).

The district court dismissed Count II, charging Koenig with solicitation of a child to engage in sexual conduct, in violation of Minn.Stat. § 609.352, subds. 1 and 2. That statute defines "solicit" as

> commanding, entreating, or attempting to persuade a specific person in person, by telephone, by letter, or by computerized or other electronic means.

Minn.Stat. § 609.352, subd. 1(c). The district court concluded that Koenig's conduct in participating with R.P. in a "mutual decision to converse and ultimately meet to engage in sexual intercourse" did not constitute "commanding, entreating, or attempting to persuade."

■ The object of statutory construction is to give effect to the intent of the

legislature. *State v. Sebasky,* 547 N.W.2d 93, 99 (Minn.App.1996), *review denied* (Minn. June 19, 1996). The general rule is that if the statutory language is plain and unambiguous the court must give effect to its plain meaning. *State v. Furman,* 609 N.W.2d 5, 6 (Minn.App.2000). This court has held that under a "plain reading" of the solicitation statute, two elements are required: 1) intent to engage in sexual conduct; and 2) the act of solicitation. *State v. McGrath,* 574 N.W.2d 99, 101 (Minn.App.1998), *review denied* (Minn. Apr. 14, 1998). Because Minn.Stat. § 609.352 is a penal statute, it must be strictly construed. *State v. Zacher,* 504 N.W.2d 468, 473 (Minn.1993).

■ We conclude that Koenig did not "solicit" R.P. under the statutory definition of that term when he responded to the message she had posted. Furthermore, what occurred later, in the trading of voice-mail messages and then in telephone conversations, was a process of negotiation, not of solicitation by Koenig.

The statute defines "solicit[ation]" of a child as "commanding, entreating, or attempting to persuade." Minn.Stat. § 609.352, subd. 1(c). These terms imply a reluctant or resistive listener. *See* American Heritage Dictionary of the English Language 379, 615 (3rd ed.1992) (defining "command" as "[t]o direct with authority: give orders to" and "entreat" as "[t]o make an earnest request of"). Even "attempting to persuade" implies a listener in need of argument or reason. *See id.* at 1352 (defining "persuade" as "[t]o induce to undertake a course of action or embrace a point of view by means of argument, reasoning, or entreaty"). Here, as the district court found, R.P. herself "initiated contact" by being the first to post a message, and that message unmistakably suggested a willingness to engage in sexual activity. R.P. did not exhibit any reluctance to discuss engaging in sexual activi-

ty, and her receptive attitude left no room for the "commanding, entreating, or attempting to persuade" that the statute prohibits.

■ The primary object of all statutory construction is to ascertain and give effect to the intention of the legislature. *State v. Dendy,* 598 N.W.2d 4, 6 (Minn. App.1999), *review denied* (Minn. Sept. 28, 1999). The legislative intent in enacting Minn.Stat. § 609.352, subd. 1(c) was plainly to prohibit any persuasive conduct by adults that might entice children to engage in sexual activity. Where the child's own words or conduct lead so directly to the sexual activity that the adult does not engage in any form of persuasion, then the crime of solicitation has not occurred. The district court did not clearly err in dismissing Count II of the complaint.

### DECISION
The district court did not clearly err in concluding as a matter of law that Koenig's conduct did not constitute solicitation of a child to engage in sexual conduct.

**Affirmed.**