Florey, Judge
The state appeals a pretrial order dismissing two felony domestic-assault charges against respondent for lack of probable cause. The district court dismissed the felony charges on the ground that the two prior domestic-violence-related offenses used to enhance the charges to felonies arose from a single behavioral incident and so could not be treated as separate convictions for enhancement purposes. Because the plain language of Minn. Stat. § 609.2242, subd. 4, requires no such limitation, we reverse and remand.
FACTS
Respondent John Wesley Defatte was arrested on March 11, 2018, after law enforcement arrived at his residence in response to a possible domestic assault against his wife and her daughter. He was ultimately charged with threats of violence, fleeing a peace officer in a motor vehicle, and two counts of felony domestic assault. The state used respondent's two prior domestic-violence-related convictions from December 3, 2010, (third-degree assault and violation of a domestic-abuse order for protection) to enhance the domestic-assault charges to felonies.
Respondent moved to dismiss the fleeing a peace officer in a motor vehicle[1] and the two felony domestic-assault charges for lack of probable cause. With respect to the felony domestic-assault charges, respondent argued that Minn. Stat. § 609.035 (2016) prohibited the use of the two prior convictions for enhancement purposes because those convictions originated from the same circumstances and did not involve multiple victims. According to respondent, "using multiple convictions from the same behavioral incident" to enhance a misdemeanor or gross misdemeanor to a felony violates the principles set out in Minn. Stat. § 609.035, subd. 1, prohibiting multiple punishments for conduct constituting more than one offense. (Emphasis added.) Respondent contended that if the state is allowed to use prior convictions arising from the same behavioral incident to enhance the charges of domestic assault to felonies, then he would be subjected to greater punishment.
The state opposed respondent's motion and cited to another felony enhancement *559 statute for support, Minn. Stat. § 169A.09 (2016). The driving-while-impaired (DWI) statute expressly requires that "[p]rior impaired driving convictions ... must arise out of a separate course of conduct to be considered as multiple qualified prior impaired driving incidents." Minn. Stat. § 169A.09 (emphasis added). The state argued that, unlike the DWI-enhancement statute, nothing in the felony domestic-assault statute, Minn. Stat. § 609.2242, subd. 4, requires that prior qualified convictions arise out of a separate course of conduct.
The district court agreed with respondent and dismissed the two felony domestic-assault charges, but allowed the state to amend its complaint to charge the two counts of domestic assault as gross misdemeanors. Persuaded by respondent's reliance on State v.Rivers , 787 N.W.2d 206 (Minn. App. 2010), review denied (Minn. Oct. 19, 2010),[2] to support his argument, the district court concluded:
While the issue in Rivers was the ability to sentence a defendant on a third degree assault and violation of an order for protection arising out of the same behavioral incident and the issue in the present case is whether the same two offenses arising from a single behavioral incident may be used as two separate convictions to enhance a subsequent offense, the rationale underlying both issues is the same. In either case, allowing the use of both offenses either for sentencing or enhancement purposes exaggerates the criminality of the conduct.
(Emphasis added.) The district court concluded that "only convictions for which [respondent] has been sentenced may be used for enhancement of an offense pursuant to Minn. Stat. § 609.2242, subd. 4." This appeal followed.
ISSUES
I. Does the district court's dismissal of the two felony domestic-assault charges have a critical impact on the prosecution of the case?
II. Does Minn. Stat. § 609.2242, subd. 4, limit "previous qualified domestic violence-related offense convictions" to convictions for which the defendant has been sentenced and which do not arise from a single behavioral incident?
ANALYSIS
I. The district court's dismissal of the two felony domestic-assault charges has a critical impact on the prosecution of this case.
The state may appeal a probable-cause dismissal if it is based on a question of law, such as a decision involving statutory interpretation. State v. Hanson , 583 N.W.2d 4, 5 (Minn. App. 1998), review denied (Minn. Oct. 29, 1998); see also Minn. R. Crim. P. 28.04, subd. 1(1). However, in order to be successful on appeal, "the state must clearly and unequivocally show both that the trial court erred in its judgment and the error will have a critical impact on the outcome of the trial." Hanson , 583 N.W.2d at 5 (quotation omitted). An erroneous judgment has a critical impact on a case if it "significantly reduces the likelihood of a successful prosecution."
*560 State v. Moen , 752 N.W.2d 532, 534 (Minn. App. 2008) (quotation omitted).
The state argues that the district court's order has a critical impact on its prosecution because it prohibits the state from pursuing two counts of felony domestic assault. According to respondent, however, the dismissal of the felony charges has no critical impact on the case because "the district court's order relates only [to] the level of charge against [r]espondent which is that of a felony."
As we have indicated before, the reduction of a charge from a felony to a gross misdemeanor may, indeed, have a critical impact on a case. In Hanson , for example, we concluded that the district court's dismissal of a felony assault charge, resulting in a reduction of the charge to a gross misdemeanor, had a critical impact on the outcome of the prosecution. 583 N.W.2d at 6.
Similarly, in Moen , we determined that "although the state [could] still prosecute [the defendant] under the gross-misdemeanor child-endangerment charge ... the dismissal of the felony domestic-violence charge had a critical impact on th[e] case." 752 N.W.2d at 534 ; see also State v. Kiminski , 474 N.W.2d 385, 389 (Minn. App. 1991) (concluding that the state's appeal of a dismissal was proper despite the possibility of an alternative prosecution for a less serious charge), review denied (Minn. Oct. 11, 1991).
As we articulated in Hanson , there are "important distinctions" between a gross misdemeanor and a felony charge, "particularly a difference in criminal history scores for calculating future sentences, and various disabilities imposed on convicted felons." 583 N.W.2d at 6. We conclude the district court's dismissal of the two felony domestic-assault charges has a critical impact on this case.
II. Section 609.2242, subdivision 4, does not limit "previous qualified domestic violence-related offense convictions" to convictions for which the defendant has been sentenced, nor does it require that the prior convictions arise out of a separate behavioral incident.
The state asks this court to reverse the district court's order granting respondent's motion to dismiss the two felony domestic-assault charges. The state argues that respondent's prior domestic-violence-related convictions (third-degree assault and violation of a domestic-abuse order for protection) qualify as separate "previous qualified domestic violence-related offense convictions" under Minn. Stat. § 609.2242, subd. 4. We agree.
Questions of law, including statutory interpretation issues, are reviewed de novo. State v. Riggs , 865 N.W.2d 679, 682 (Minn. 2015) ; see also Hanson , 583 N.W.2d at 6 ("Dismissal of a complaint based on the construction of a statute is subject to de novo review."). The purpose of statutory interpretation is to "ascertain and effectuate the intention of the legislature." Minn. Stat. § 645.16 (2016) ; see also State v. Campbell , 814 N.W.2d 1, 4 (Minn. 2012).
We begin by examining the language of the statute. Moen , 752 N.W.2d at 534. If the statute has only one reasonable interpretation, we do not add terms or meanings because "it is presumed to manifest legislative intent and we must give it effect." Campbell , 814 N.W.2d at 4 ; State v. Nelson , 842 N.W.2d 433, 436 (Minn. 2014) ("[I]f a statute is susceptible to only one reasonable interpretation, then we must apply the statute's plain meaning." (quotation omitted) ). Additionally, "any presumption in favor of a criminal defendant does not apply when the language of the statute is unambiguous."
*561 Hanson , 583 N.W.2d at 7 n.2 ; see also State v. Thonesavanh , 904 N.W.2d 432, 440 (Minn. 2017) (reaffirming that "the rule of lenity applies only after the other canons of construction have been exhausted and what remains is a grievously ambiguous statute").
Pursuant to Minn. Stat. § 609.2242, subd. 4, individuals are guilty of a felony if they commit domestic assault "within ten years of the first of any combination of two or more previous qualified domestic violence-related offense convictions." " 'Qualified domestic violence-related offense[s]' include[ ] a violation of or an attempt to violate sections 518B.01, subdivision 14 (violation of domestic abuse order for protection); ... [and] 609.223 (third-degree assault)." Minn. Stat. § 609.02, subd. 16 (2016).
The state argues that the unambiguous language of section 609.2242, subdivision 4, expressly provides that " 'any combination' of prior qualified convictions can be used to enhance the [domestic assault] charge to a felony level." (Emphasis in original.) The state contends that the district court erred because the statute is devoid of any requirement that enhancement be limited to convictions for which respondent has been sentenced or convictions not originating from a single behavioral incident.
Respondent, on the other hand, argues that using his two prior domestic-violence-related convictions for enhancement purposes violates the spirit of both Minn. Stat. § 609.035, subd. 1-which prohibits multiple punishments for conduct constituting more than one offense-and the Minnesota Sentencing Guidelines-which limit the use of prior felony convictions in the calculation of criminal-history scores. According to respondent, if he were to be convicted of the felony charges, he would "be punished for both of the [prior] convictions." (Emphasis added.) He contends that the state's position "unnecessarily causes conflict of construction between Minnesota Statutes [sections] 609.035 and 609.2242."
In this appeal, respondent cites to State v. Johnson , 273 Minn. 394, 141 N.W.2d 517, 521-22 (1966), which held that the purpose of section 609.035 is to "insure that punishment for a single incident of criminal behavior involving a multiplicity of violations will be commensurate with the criminality of [a] defendant's misconduct." The Minnesota Supreme Court explained, "double punishment can arise where a person is convicted of two or more offenses following either one prosecution where the charges are stated as separate counts or two or more prosecutions where the charges are brought separately." Johnson , 141 N.W.2d at 521. The supreme court concluded that the two separate traffic offenses involved in that case (driving while intoxicated and driving over the center line of a roadway) fell within section 609.035, and therefore, punishment was limited to a single sentence. Id. at 525. Such a scenario is not present here.
In the present matter, respondent and the district court conflate the concepts of punishment, or criminal sentence, with enhancement. The problem with respondent's argument and the district court's order is that both attempt to add limitations to the domestic-assault statute that the legislature did not impose. As the state persuasively argues, the legislature has, in other criminal statutes, limited the use of prior convictions for enhancement purposes. For example, the enhancement provision of the DWI statute, Minn. Stat. § 169A.09, expressly limits "qualified prior impaired driving incidents" to prior impaired driving-related convictions and losses of license "aris[ing] out of a separate course of *562 conduct."[3] Unlike the DWI enhancement provision, no such language exists in the felony domestic-assault statute. See Minn. Stat. § 609.2242, subd. 4.
To affirm the district court's order, we would have to read an additional requirement into an otherwise unambiguous statute. While we appreciate the district court's effort to analogize the prohibition against sentencing a defendant for two offenses arising out of a single behavioral incident to its proposed limitation on enhancement , it is not the job of the judiciary to add terms or meanings that are absent from unambiguous statutory language. See Dupey v. State , 868 N.W.2d 36, 40 (Minn. 2015).
By the plain text of the domestic-assault statute, "[w]hoever violates the provisions of [ section 609.2242 ] ... within ten years of the first of any combination of two or more previous qualified domestic violence-related offense convictions ... is guilty of a felony." Minn. Stat. § 609.2242, subd. 4 (emphasis added). Pursuant to Minn. Stat. § 609.02, subd. 5 (2016), " 'Conviction' means any of the following accepted and recorded by the court: (1) a plea of guilty; or (2) a verdict of guilty by a jury or a finding of guilty by the court." Respondent does not dispute that he was, indeed, "convicted" within the last ten years of third-degree assault and violating a domestic-abuse order for protection-both of which constitute "qualified domestic violence-related offenses" under Minn. Stat. § 609.02, subd. 16. Thus, contrary to the district court's conclusion that using two prior convictions for enhancement purposes would exaggerate the criminality of respondent's conduct, the use of two or more convictions is the specific result contemplated and required by the felony domestic-assault statute.
We reached a similar conclusion in a previous, albeit unpublished, opinion. In State v. Brown , No. A16-1974, 2017 WL 6418867, at *1 (Minn. App. Dec. 18, 2017), review denied (Minn. Feb. 28, 2018), we concluded that Minn. Stat. § 609.2242, subd. 4, "unambiguously allows [ ] two predicate offenses to arise from one instance of conduct." We made clear that "[t]he only time-related language in the statute refers to the range of time in which the predicate offenses must have been committed, within ten years." Brown , 2017 WL 6418867, at *1. We explained that in order to reach the appellant's reading of the statute-which was that "the two predicate offenses required for felony domestic assault cannot arise out of the same instance of conduct"-we "would have to add language, which we will not do." Id. Although not precedential, we find the reasoning in Brown to be persuasive, and we adopt it here. See Minn. Stat. § 480A.08, subd. 3 (2016) ("Unpublished opinions of the court of appeals are not precedential."); Dynamic Air, Inc. v. Bloch , 502 N.W.2d 796, 800 (Minn. App. 1993) (holding that, although not binding precedent, unpublished opinions may be persuasive).
Respondent attempts to distinguish Brown from the present case. He argues that "the defendant in Brown [committed] two separate assaults on two separate victims, occurring at the same time" whereas, in the case at hand, the district court found that "the previous two crimes occurred in a single behavioral incident on one victim." These factual differences do not impact our interpretation of Minn. Stat. § 609.2242, subd. 4. We conclude, once again, that "[t]he statute is unambiguous *563 in requiring 'any combination' of two prior domestic violence-related convictions. ..." Brown , 2017 WL 6418867, at *2.
Respondent also argues that the state's position causes Minn. Stat. §§ 609.035 and 609.2242 to conflict with one another. In Brown , however, we differentiated enhancement from a sentence . While we affirmed the defendant's conviction of felony domestic assault pursuant to Minn. Stat. § 609.2242, subd. 4, we also concluded that the district court erred by imposing two sentences for crimes arising from the same behavioral incident in violation of Minn. Stat. § 609.035. Id. , at *1, 4 (stating " Minn. Stat. § 609.035 (2016) prohibits sentencing for two crimes arising from the same behavioral incident"). We, therefore, conclude that the two statutes can be, and have been, applied without conflicting in a manner consistent with this opinion.
DECISION
In determining whether a defendant is subject to an enhanced felony charge of domestic assault, the plain language of the text of Minn. Stat. § 609.2242, subd. 4, does not require the defendant to have been sentenced on each "previous qualified domestic violence-related offense conviction[ ]," nor does it require that the prior convictions arise out of a separate behavioral incident.
Because respondent was convicted of both third-degree assault, pursuant to Minn. Stat. § 609.223 (2008), and violating a domestic abuse order for protection, pursuant to Minn. Stat. § 518B.01, subd. 14 (2008)-both of which constitute a "[q]ualified domestic violence-related offense" under Minn. Stat. § 609.02, subd. 16-we conclude that the district court erred in dismissing the felony domestic-assault charges for lack of probable cause. We reverse and remand with instructions to reinstate the two felony counts of domestic assault consistent with this opinion.
Reversed and remanded.

The charge of fleeing a peace officer was eventually dismissed by the state.

In Rivers , the appellant was convicted of six crimes arising from an assault of his former girlfriend. Id. at 208. On appeal, the appellant argued that the district court erred in imposing separate punishments for two of the convictions-violation of an order for protection and third-degree assault-because the offenses arose out of the same behavioral incident. Id. at 213. We agreed, concluding that because the "violation of the order for protection was the means by which Rivers was able to assault [his former girlfriend]," it was error for him to be sentenced for both crimes. Id.

We interpret "separate course of conduct" in the DWI statute to have the same meaning as "separate behavioral incident." See State v. Jones , 848 N.W.2d 528, 531 n.1 (Minn. 2014) (explaining that the two phrases have been used interchangeably).