**STATE of Minnesota, Respondent,**

v.

**Mario Gerald GRILLO, Appellant.**

**No. C5–02–858.**

Court of Appeals of Minnesota.

May 20, 2003.

Mike Hatch, Attorney General, St. Paul, MN, and Susan Gaertner, Ramsey County Attorney, Darrell C. Hill, Assistant Ramsey County Attorney, St. Paul, MN, for respondent.

Bonnie S. Hoole, F. Clayton Tyler, Minneapolis, MN, for appellant.

Considered and decided by STONEBURNER, Presiding Judge, G. BARRY ANDERSON, Judge, and WRIGHT, Judge.

## OPINION

G. BARRY ANDERSON, Judge.

Appellant was convicted of Minn.Stat. § 624.713, subd. 1(b) (2000), which prohibits firearm possession by individuals previously convicted of or adjudicated delinquent for a crime of violence. Because the

predicate offense rendering appellant ineligible to possess a firearm was not classified as a "crime of violence" until after appellant had been adjudicated, appellant argues that retroactive classification of the predicate offense as a violent crime and his subsequent prosecution and conviction for unlawful possession of a firearm was an unconstitutional *ex post facto* application of the law. We affirm.

## FACTS

On August 18, 2000, Officer Jeremy Ryan observed and stopped a vehicle with a broken taillight. Appellant Mario Grillo was the driver of the vehicle. Ryan discovered that appellant had no automobile insurance, and he began making arrangements to have appellant's vehicle towed. While performing an inventory search of the vehicle, Officer Daniel Collier discovered a .40–caliber automatic pistol in the passenger compartment.

In 1993, appellant was adjudicated delinquent for felony theft of a motor vehicle, an offense that was not then characterized as a "crime of violence." *See* Minn.Stat. § 624.712, subd. 5 (2000).[1] Effective January 1, 1995, Minn.Stat. § 624.713, subd. 1(b) (1995) was amended to include juveniles adjudicated delinquent for commission of violent crimes as a class of persons prohibited from possessing a firearm. Subsequent to his discharge from court supervision in August 1993, Minn.Stat. 624.712, subd. 5 was amended to include felony auto theft in the list of violent crimes for purposes of ineligible firearm possession. Minn.Stat. § 624.712, subd. 5. Appellant was arrested for the current prohibited firearms charge in 2000—less than ten years after discharge from supervision. Thus, on the date of his arrest,

1. Minn.Stat. § 624.712, subd. 5 was amended in 1996 to include, as a violent crime, "felony theft involving the intentional taking or driving of a motor vehicle without the consent of the owner or the authorized agent of the owner[.]"

appellant was within the ten-year prohibition period relating to possession of a firearm.

Appellant moved the district court to dismiss the charge of ineligible possession of a firearm, arguing that prosecution of this offense was a violation of the constitutional prohibition against *ex post facto* laws. The matter was submitted to the district court on stipulated facts pursuant to *State v. Lothenbach*, 296 N.W.2d 854 (Minn.1980). Following the stipulated trial, appellant was found guilty of ineligible possession of a firearm. This appeal followed.

### ISSUES

I. Was the retroactive reclassification of appellant's juvenile offense as a "crime of violence" an unconstitutional *ex post facto* application of the law?

II. Was the application of Minn.Stat. § 624.713, subd. 1(b) (2000), based on appellant's commission of a "crime of violence" an unconstitutional *ex post facto* application of the law?

III. Was appellant denied his right to due process?

### ANALYSIS

#### I.

■ In evaluating constitutional challenges, the interpretation of statutes is a question of law which we review de novo. *In re Blilie*, 494 N.W.2d 877, 881 (Minn. 1993). "Minnesota statutes are presumed constitutional and" will be declared unconstitutional "only when absolutely necessary." *In re Haggerty*, 448 N.W.2d 363, 364 (Minn.1989) (citing *City of Richfield v. Local No. 1215*, 276 N.W.2d 42, 45 (Minn. 1979)).

■ Both the United States and Minnesota Constitutions prohibit enactment and application of *ex post facto* laws. U.S. Const. art I, § 9 Cl. 3; Minn. Const. art. I, § 11. When examining a state constitutional provision, a decision of the United States Supreme Court interpreting a parallel provision of the federal constitution is of persuasive, although not controlling, force. *State v. Fuller*, 374 N.W.2d 722, 727 (Minn.1985).

■ Appellant argues that the application of a statute classifying his motor-vehicle-theft offense as a "crime of violence" and prohibiting his possession of a firearm, after his adjudication of delinquency and discharge, was unconstitutional. An *ex post facto* law "renders an act punishable in a manner in which it was not punishable when it was committed." *Starkweather v. Blair*, 245 Minn. 371, 386, 71 N.W.2d 869, 879 (1955). An *ex post facto* law exists where the law applies to events occurring before its enactment and disadvantages the offender affected by it. *Weaver v. Graham*, 450 U.S. 24, 29, 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1981).

■ Reclassification of appellant's crime as one of violence did not expose him to immediate punitive consequences. Appellant was, by virtue of the inclusion of his offense as a "crime of violence," not permitted to possess a firearm for the statutory period and was subject to prosecution for doing so. Thus, the application of Minn.Stat. § 624.712, subd. 5 (2000) to include appellant's past offense as a crime of violence merely exposed appellant to possible punishment for a future violation of Minn.Stat. § 624.713, subd. 1(b) (2000), i.e., possession of a firearm.

#### II.

■ Appellant argues that prosecution under Minn.Stat. § 624.713, subd. 1(b)

was unconstitutional because disqualification from firearm possession was not a punishment contemplated for commission of auto theft at the time appellant was adjudicated. Minn.Stat. § 624.713, subd. 1(b) does not attempt to punish, as a crime, an act that was innocent when committed. *See Collins v. Youngblood,* 497 U.S. 37, 52, 110 S.Ct. 2715, 2724, 111 L.Ed.2d 30 (1990) (unconstitutional *ex post facto* laws punish criminally an act that was innocent at the time of commission). Rather, the crime for which appellant was convicted-possessing a firearm after commission of a violent crime-was punishable *at the time* that it was committed. Appellant is not being punished, under this statute, for an act committed in the past; rather, the statute subjects him to punishment for subsequent conduct—illegally carrying a firearm. A statute can be based on prior conduct so long as it applies to, and is triggered by, conduct occurring after its enactment. *State v. Harrington,* 504 N.W.2d 500, 503 (Minn.App.1993), *review denied* (Minn. Sep. 30, 1993). The conduct for which appellant was convicted could only have occurred after the enactment of the challenged statute. Thus, Minn.Stat. § 624.713, subd. 1(b) punishes present or future conduct—possession of a firearm by a person adjudicated for commission of a violent offense—and is not an *ex post facto* law, facially or as applied to appellant.

### III.

Appellant also contends that he had no effective notice of the firearms restriction and thus his right to due process has been violated. Minn.Stat. § 624.713, subd. (b) clearly states that a person adjudicated delinquent for commission of a violent crime is prohibited from carrying a firearm. Although Minn.Stat. § 242.31, subd. 2a (2000) states that notice of the restriction shall be provided in the notice of discharge, this was impossible in appellant's case because section 624.713, subd. (b) did not apply to appellant at the time of his delinquency adjudication. But Minn.Stat. § 624.713, subd. 3(a) (2000) provides that failure to give notice does not affect the applicability of the statute. In addition, it is a long-held principle in Minnesota that ignorance of the law is not a defense when it would have been possible, had appellant made the effort to do so, to learn of the existence of the prohibition. *See State v. King,* 257 N.W.2d 693, 697–98 (Minn.1977) (holding ignorance of the law is no excuse, and an individual cannot be heard to complain that he was without notice of a criminal statute when, had appellant made an effort to ascertain information, he would have been put on adequate notice).

### DECISION

We conclude that neither of the challenged statutes, standing alone or in combination, violates the *ex-post-facto*-law prohibition of the United States or Minnesota constitutions, either facially or as applied to this appellant.

**Affirmed.**