Reginald GAIL, petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. A06–2271.

Supreme Court of Minnesota.

June 7, 2007.

Reginald Lee Gail, Bayport, MN, for Appellant (Pro Se).

Lori Swanson, Minnesota Attorney General, St. Paul, MN, Michael O. Freeman, Hennepin County Attorney, Michael Richardson, Assistant County Attorney, Minneapolis, MN, for Respondent.

## OPINION

ANDERSON, G. BARRY, Justice.

Petitioner appellant Reginald Gail was convicted in Hennepin County for the first-degree murder of Yvain Braziel while committing or attempting to commit the felony crime of unlawful sale of powder cocaine. We affirmed Gail's conviction. The postconviction court denied Gail's petition for postconviction relief without a hearing, and Gail appealed the postconviction court's decision to this court. We affirm.

The underlying facts of Gail's crime are laid out in *State v. Gail*, 713 N.W.2d 851 (Minn.2006). After Gail's conviction in Hennepin County for first-degree murder, he raised several arguments in his direct appeal:

1. Was the search warrant issued for the search of the Plymouth apartment supported by probable cause?

2. Should the cell phone records provided by Verizon have been suppressed?

3. Did the court err in denying Gail's motions to empanel a different jury venire because of underrepresentation of African–Americans or in denying Gail's motion for additional discovery relating to the selection process for petit jury pools?

4. Was the evidence sufficient to support Gail's conviction of first-degree felony murder?

5. Did the district court commit reversible error by failing, sua sponte, to allow the jury to decide whether a witness was an accomplice for purposes of giving an accomplice corroboration instruction?

6. Did the district court err in ordering that the jury be sequestered or in ordering that the jury begin deliberations on a Friday afternoon?

7. Did the State commit prosecutorial misconduct in closing argument?

*Id.* at 857–58. This court affirmed his conviction, rejecting all of Gail's arguments. *Id.* at 859–66. Gail then petitioned for postconviction relief on the following 13 bases:

1. Jury selection procedures in his case resulted in a venire in which African–Americans were underrepresented;

2. Ineffective assistance of trial and appellate counsel in failing to challenge the racial composition of the grand jury;

3. Grand jury procedures unconstitutionally undermined the independence of the grand jury;

4. The trial court erred in instructing the jury regarding the requirement of a unanimous verdict;

5. The trial court erred in failing to suppress the gun seized from the Plymouth apartment;

6. The trial court erred in failing to include an accomplice corroboration

instruction with respect to witnesses Hollingsworth and Hill;

7. The trial court erred in failing to suppress the cell phone records;

8. The trial court erred in sequestering the jury and thereby causing the jury undue hardship;

9. The evidence was insufficient to uphold Gail's conviction;

10. The trial court erred in its instruction on circumstantial evidence;

11. The prosecutor committed misconduct in introducing character evidence to prove Gail's guilt;

12. The prosecutor committed misconduct in the closing argument by stating a personal opinion and vouching for the credibility of state witnesses; and

13. Ineffective assistance of trial and appellate counsel.

The postconviction court concluded that claims (1), (5), (6), (7), (8), (9), (11), and (12) are identical or substantially similar to the claims Gail pursued on direct appeal and that therefore they were procedurally barred under *State v. Knaffla*, 309 Minn. 246, 243 N.W.2d 737 (Minn.1976). The postconviction court also concluded that claims (3), (4), and (10) were procedurally barred because Gail knew or should have known of them when he raised his direct appeal and they do not fall under any exception to the *Knaffla* rule. Finally, the postconviction court concluded that with respect to claims (2) and (13) as those claims relate to ineffective assistance of appellate counsel, Gail did not prove that his counsel's performance fell below an objective standard of reasonableness or that he was prejudiced by counsel's performance. Gail appealed the postconviction court's denial of postconviction relief.

 On review of a postconviction decision, we determine whether there is suf-ficient evidence to support the postconviction court's findings. *White v. State*, 711 N.W.2d 106, 109 (Minn.2006). We will not overturn the postconviction court's decision unless the postconviction court abused its discretion. *Id.* A postconviction court's legal determinations—including claims of ineffective assistance of counsel, which involve mixed questions of law and fact—are reviewed de novo. *Schleicher v. State*, 718 N.W.2d 440, 445 (Minn.2006); *Carney v. State*, 692 N.W.2d 888, 890–91 (Minn.2005).

 "[W]here direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741. There are two exceptions to the *Knaffla* rule: (1) if a novel legal issue is presented, or (2) if the interests of justice require review. *White*, 711 N.W.2d at 109. "The second exception may be applied if fairness requires it and the petitioner did not deliberately and inexcusably fail to raise the issue on direct appeal." *Id.* (internal quotations omitted).

 The bulk of Gail's claims are identical or substantially similar to those that we rejected on his direct appeal. Regarding claim (1), that the jury selection procedures resulted in a venire in which African–Americans were underrepresented, we held that "the district court did not err in denying Gail's motions for a new venire" or "when it denied Gail's request that the court gather information on Gail's behalf." *Gail*, 713 N.W.2d. at 862. Regarding claim (5), that the trial court erred in suppressing the gun found in the Plymouth apartment, we held that Gail's "constitutional rights were not violated because the warrant to search the Plymouth apartment was supported by probable cause." *Id.* at 859. Regarding claim (6), that the court erred by failing to include an accomplice instruction, we held that "Hollingsworth

\* \* \* is clearly not an accomplice in the underlying felony" and "any error in the district court's failure to give the accomplice corroboration instruction was harmless." *Id.* at 864–65. Regarding claim (7), that the trial court erred in failing to suppress the cell phone records, we held that "the district court did not err." *Id.* at 861. Regarding claim (8), that the trial court erred in sequestering the jury and causing the jury undue hardship, we held that "Minnesota Rule of Criminal Procedure 26.03, subd. 5(1) \* \* \* does not violate the separation of powers doctrine" and "the district court did not abuse its discretion in denying Gail's motion to ask the jurors about their preference as to the timing for the commencement of deliberations." *Id.* at 865–66. Regarding claim (9), that the evidence was insufficient to support the conviction, we held that "it is clear that there was sufficient evidence to convict Gail of murder in the first degree while committing or attempting to commit the unlawful sale of a controlled substance." *Id.* at 863. Finally, with regard to claim (12), that the prosecutor committed misconduct in closing argument, we held that "Gail's claims of misconduct are without merit." *Id.* at 866. As to all of these claims, because we addressed Gail's claims in his direct appeal, the postconviction court did not abuse its discretion by failing to consider them.

The rest of Gail's claims—(2), (3), (4), (10), (11), and (13)—are not the same or substantially similar to claims already litigated on direct appeal, but most are *Knaffla*-barred because they could have been raised on direct appeal.

■ Gail's claim that the grand jury procedures unconstitutionally undermined the independence of the grand jury, claim (3), could have been raised on direct appeal. *See Townsend v. State,* 723 N.W.2d 14, 18 (Minn.2006) ("Problems with \* \* \*

the grand jury process \* \* \* were known or available after trial and should have been raised in [petitioner's] direct appeal."); *White,* 711 N.W.2d at 109 ("[W]e conclude that [petitioner's] claims of racial discrimination in the selection of the grand jury \* \* \* are also barred by the *Knaffla* rule because [petitioner] knew or should have known of these claims at the time of his direct appeal."); *Mckenzie v. State,* 707 N.W.2d 643, 644–45 (Minn.2005) (holding that the petitioner could have raised the claim that grand jury procedures systematically excluded African–Americans in his direct appeal and that the postconviction court properly barred the claims under *Knaffla* ). Because Gail knew or should have known about the grand jury procedures after his trial and at the time of his direct appeal, his claim is *Knaffla*-barred. Gail argues that his appellate counsel refused to raise these issues. But Gail submitted a pro se brief on direct appeal and could have raised the grand jury issues himself.

Gail's challenge to the grand jury selection process does not fall under either of the *Knaffla* exceptions. *See Mckenzie,* 707 N.W.2d at 645 ("[I]n light of our determination in *Roan* that a Hennepin County jury selection process, which, like the grand jury selection process in question, used registered voters, driver's licenses, and registered Minnesota identification card holders, was constitutional, [petitioner's] claim is not reviewable under either [*Knaffla* exception].") (citing *State v. Roan,* 532 N.W.2d 563, 569 (Minn.1995)).

■ Gail also claims that the prosecutor committed misconduct during the grand jury testimony by identifying Gail as "the shooter" 27 times. Gail did not provide this court with a transcript of the grand jury proceedings. Without a transcript, we cannot analyze the merits of Gail's claim. *See State v. Durante,* 406 N.W.2d

80, 83 (Minn.App.1987) (holding that because the state did not provide the court with a grand jury transcript, the court could not determine whether the district court erred in excluding certain trial testimony).

■ Gail's claims that the trial court erred in instructing the jury regarding the requirement of a unanimous jury and on circumstantial evidence, claims (4) and (10), were either known or should have been known after trial and should have been raised in his direct appeal. *See Townsend*, 723 N.W.2d at 18 ("Problems with * * * the jury instructions * * * were known or available after trial and should have been raised in [petitioner's] direct appeal."); *McDonough v. State*, 707 N.W.2d 384, 388 (Minn.2006) (concluding that postconviction claim of district court error in providing jury instructions was barred by *Knaffla* because petitioner knew or should have known of it at the time of his direct appeal). Gail's claims regarding jury instructions are not novel and Gail has not demonstrated that we should consider them in the interests of justice. The claims therefore do not fall under either of the *Knaffla* exceptions.

■ Gail's claim of prosecutorial misconduct in introducing character evidence to prove guilt, claim (11), is *Knaffla*-barred because he knew or should have known of the prosecutor's alleged misconduct after the trial and at the time of his direct appeal. Additionally, Gail does not explain which witnesses testified about Gail's character and does not cite to the record to support his claim. It would therefore be difficult, if not impossible, for us to review the merits of his claim.

■ Gail claims that his trial counsel was ineffective for failing to challenge the grand jury proceedings, for failing to raise objections at trial, and for failing to inter-view witnesses and fully investigate his case, claims (2) and (13). Gail's claims of ineffective assistance of trial counsel are *Knaffla*-barred because he knew or should have known of them after trial and before his direct appeal. Gail submitted a pro se brief on his direct appeal and could have included his ineffective assistance of counsel claims at that time. The claims do not fall under the exceptions to *Knaffla.*

■ Even if not *Knaffla*-barred, Gail's claims of ineffective assistance of trial counsel have no merit. In order to prevail on a claim of ineffective assistance of counsel, Gail must show that his attorney's performance fell below an objective standard of reasonableness and that a reasonable probability exists that the outcome would have been different, but for counsel's errors. *Bruestle v. State*, 719 N.W.2d 698, 704 (Minn.2006). Gail has the burden of proof and there is a strong presumption that counsel's performance fell within a wide range of reasonable assistance. *Id.* at 705.

We rejected a claim that African–Americans are systemically excluded from grand juries and trial juries in *Mckenzie*, 707 N.W.2d at 645, where we held that because the grand jury procedures were constitutional and the issue did not fall under either *Knaffla* exception, petitioner's "ineffective assistance of counsel claim with respect to the grand jury selection process also fails." Because the claim itself has no merit, Gail's trial counsel was not ineffective for failing to raise it.

■ Gail has not provided any factual support for his other assertions of ineffective assistance of trial counsel. Gail has not provided a record of his trial counsel's failure to challenge the indictment due to prosecutorial misconduct, nor has Gail provided any factual support for his assertions that his trial counsel failed

to investigate, speak with witnesses, and prepare his case. Gail is not entitled to a postconviction evidentiary hearing, because a petitioner requesting an evidentiary hearing cannot depend on mere argumentative assertions without factual support. *Ferguson v. State*, 645 N.W.2d 437, 446 (Minn.2002). Because Gail has not provided any facts to support his assertions that his counsel failed to investigate his case, he is not entitled to postconviction relief.

■ Gail's claims of ineffective assistance of appellate counsel, claims (2) and (13), are not *Knaffla*-barred. However, just like the ineffective assistance of trial counsel claims, they have no merit. Appellate counsel's decision not to challenge the grand jury procedures was reasonable for the same reason that trial counsel's decision was reasonable—the claim had no merit. Because Gail did not provide a factual basis for his other claims of errors by trial counsel or the district court, appellate counsel's failure to raise those issues on appeal was reasonable. Gail has failed to allege any facts that would support his assertion that his appellate counsel's representation was ineffective. Because all of Gail's claims are either *Knaffla*-barred or have no merit, the postconviction court did not abuse its discretion by denying Gail's motion for postconviction relief.

Affirmed.