Robert Michael HUGHES,
petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. A13–2169.

Supreme Court of Minnesota.

May 21, 2014.

Rehearing Denied Aug. 14, 2014.

Robert Michael Hughes, Bayport, MN, pro se.

Lori Swanson, Attorney General, Matthew Frank, Assistant Attorney General, St. Paul, MN; and Craig S. Nelson, Freeborn County Attorney, Albert Lea, MN, for respondent.

## OPINION

PAGE, Justice.

This is an appeal from the postconviction court's denial of appellant Robert Michael Hughes' second petition for postconviction relief. After a jury trial in October 2006, Hughes was found guilty, subsequently convicted, and sentenced to a mandatory term of life imprisonment for the murder of his wife, Tammy, under Minn.Stat. § 609.185(a)(1) (2012) (first-degree premeditated murder).[1]

With the assistance of court-appointed counsel, Hughes filed a direct appeal, raising two claims: (1) insufficient evidence to support his premeditated murder conviction; and (2) errors in failing to provide two jury instructions. *State v. Hughes (Hughes I)*, 749 N.W.2d 307, 309 (Minn. 2008). Hughes also filed a pro se supplemental brief raising several additional claims, including ineffective assistance of trial counsel/access to the courts. We af-

firmed and denied all of Hughes' pro se claims, holding that they were "without merit." *Id.* at 318. The United States Supreme Court denied Hughes' petition for a writ of certiorari in November 2008. *Hughes v. Minnesota*, 555 U.S. 1036, 129 S.Ct. 605, 172 L.Ed.2d 464 (2008).

Hughes filed his first petition for postconviction relief in November 2010, raising 18 separate grounds for relief. The postconviction court denied relief without a hearing. Hughes appealed, and we affirmed. *Hughes v. State (Hughes II)*, 815 N.W.2d 602, 604 (Minn.2012). Hughes again appealed to the United States Supreme Court, which again denied certiorari. *Hughes v. Minnesota*, — U.S. —, 133 S.Ct. 856, 184 L.Ed.2d 673 (2013).

Hughes filed the petition for postconviction relief at issue in this appeal in March 2013. In this, his second petition, Hughes alleged several claims for relief,[2] primarily

---

1. A full discussion of the facts underlying Hughes' conviction can be found in our opinion on direct appeal. *State v. Hughes (Hughes I)*, 749 N.W.2d 307, 309–11 (Minn.2008).

2. Hughes alleged 29 errors in his postconviction petition. These alleged errors are summarized as follows: (1) trial counsel failed to adequately investigate Hughes' competency to stand trial; (2) trial counsel failed to assert a mental illness or deficiency defense; (3) trial counsel failed to seek to suppress relationship evidence regarding "controlling" behavior; (4) trial counsel and law enforcement failed to follow up on a report of "a Mexican male ... seen drinking alone in [Hughes'] back yard," evidence that Hughes claims is exculpatory; (5) trial counsel failed to object to improper placement of a county sheriff near Hughes during the trial; (6) improper admission of Tammy's hearsay statements under the Confrontation Clause; (7) trial counsel failed to object to an inflammatory in-court firearms demonstration; (8) trial counsel failed to object to improper jury instructions; (9) the courts and trial counsel made several errors related to the restitution judgment against Hughes; (10) trial counsel failed to object to

expert witness testimony regarding shell casings; (11) denial of due process and access to the courts, arising from, among other circumstances, police confiscation of Hughes' personal property and Hughes' limited access to discovery documents, library resources, and prison cell storage space; (12) trial counsel failed to suppress admission of Hughes' coerced, involuntary statements and statements taken in violation of Hughes' *Miranda* rights; (13) there was insufficient evidence to support the conviction; (14) trial counsel failed to obtain photographs and other evidence that Hughes claims the State withheld; (15) the trial court erroneously convicted Hughes even though he is innocent; (16) trial counsel failed to impeach State witnesses; (17) trial counsel "demanded" that Hughes accept a plea bargain "without doing any investigation or receiving any discovery"; (18) the trial court made biased statements during trial; (19) trial counsel failed to challenge the sufficiency of the evidence at trial and appellate counsel failed to challenge the sufficiency of the evidence on appeal; (20) we erred by denying Hughes' request to appoint counsel on his first petition for postconviction relief; (21) the postconviction court erred by

focused on ineffective assistance of trial counsel. Hughes requested an evidentiary hearing as well as court-appointed counsel to assist with his petition. In September 2013, the postconviction court denied the petition without appointing counsel and without holding an evidentiary hearing. The postconviction court held that Hughes' petition is procedurally barred under Minn.Stat. § 590.01, subds. 1 and 4(a)(2) (2012), Minn.Stat. § 590.04, subd. 3 (2012), and *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976).

■ We review the denial of a petition for postconviction relief for an abuse of discretion. *Erickson v. State*, 842 N.W.2d 314, 318 (Minn.2014). In doing so, we review findings of fact for clear error and questions of law de novo. *Id.*

## I.

■ Hughes first argues that the postconviction court erred when it denied his request for court-appointed counsel to assist him with his petition for postconviction relief. He argues that, "to present a claim of ineffective assistance of [trial] counsel in accordance with the State's procedures," he needed the help of an attorney. The postconviction court, citing *Barnes v. State*, 768 N.W.2d 359 (Minn. 2009), denied his request. In *Barnes*, we held that a defendant who has been represented by counsel on direct appeal has no right under the Minnesota Constitution to the assistance of appointed counsel in a

subsequent postconviction proceeding.[3] 768 N.W.2d at 364–65.

Hughes was represented by appointed counsel on direct appeal. *Hughes I*, 749 N.W.2d at 309. Hughes' second petition for postconviction relief is a subsequent postconviction proceeding. As a result, Hughes has no right to appointed counsel in this appeal. Therefore, the postconviction court did not abuse its discretion when it denied Hughes' request for appointed counsel to assist him with the instant petition for postconviction relief.

## II.

■ We turn next to the postconviction court's denial of Hughes' petition without holding an evidentiary hearing. The postconviction court held that Hughes' petition for postconviction relief is procedurally barred for three reasons: (1) Hughes' direct appeal has been completed and the asserted grounds for relief were raised in his direct appeal, Minn.Stat. § 590.01, subd. 1 (barring a petition for postconviction relief that follows completion of a direct appeal if the postconviction petition is based on grounds that could have been raised on direct appeal of the conviction or sentence); (2) it is a successive petition in which the issues raised were addressed on direct appeal and in his first petition for postconviction relief, Minn.Stat. § 590.04, subd. 3 (permitting the postconviction court to summarily deny a second or suc-

denying Hughes' request for appointed counsel to assist in Hughes' (most recent) postconviction proceedings; and (22) Hughes was improperly convicted of both first- and second-degree murder.

**3.** Although *Barnes* never uses the term "appointed counsel," *Barnes* seems to reach the conclusion that a defendant has no right to *appointed* counsel in a subsequent postconviction proceeding when he has been represented by counsel on direct appeal. *Barnes* ana-

lyzes an earlier case, *Deegan v. State*, which examined a defendant's right to appointed counsel. 711 N.W.2d 89 (Minn.2006). The *Deegan* decision clarified that defendants have the right to *appointed* counsel in their first postconviction proceedings if they did not pursue a direct appeal first. *Id.* at 98. In *Barnes*, we concluded that the defendant's rights under *Deegan* were satisfied when the defendant was represented by counsel on direct appeal. 768 N.W.2d at 364.

cessive petition seeking similar relief if an appellate court has decided the issues in the same case); and (3) it is barred under Minn.Stat. § 590.01, subd. 4(a)(2) (requiring a postconviction petition to be filed within 2 years of an appellate court's final disposition of the direct appeal), because it was filed more than 2 years after Hughes' direct appeal became final and Hughes failed to satisfy any of the exceptions to the 2–year statute of limitations set out in Minn.Stat. § 590.01, subd. 4(b)(1)-(5) (2012) (permitting a court to hear an otherwise time-barred petition if petitioner satisfies an enumerated exception).

On appeal, Hughes argues that the postconviction court erred when it denied his petition without holding an evidentiary hearing. We disagree. When a petitioner alleges facts that, even if true, are legally insufficient to entitle him to the requested relief, the postconviction court need not hold an evidentiary hearing. Minn.Stat. § 590.04, subd. 1 (2012); *Greer v. State*, 836 N.W.2d 520, 522 (Minn.2013). Like the postconviction court, we conclude that Hughes' claims in the instant petition for postconviction relief are time-barred. *See* Minn.Stat. § 590.01, subd. 4(a)(2); *see also id.*, subd. 4(b)(5) (providing that a court may consider a time-barred petition in the interests of justice only if the petition is not frivolous); *Berkovitz v. State*, 826 N.W.2d 203, 209 (Minn.2013) (concluding that an ineffective-assistance-of-trial-counsel claim was frivolous because it had been previously presented and rejected on direct appeal). Therefore, we hold that the postconviction court did not abuse its discretion when it summarily denied Hughes' petition for postconviction relief.

Affirmed.