*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-127

AUGUST TERM, 2015

| | |
|---|---|
| In re Anthony John Palubicki | } APPEALED FROM: |
| | } |
| | } Superior Court, Orleans Unit, |
| | } Civil Division |
| | } |
| | } DOCKET NO. 180-7-14 Oscv |

Trial Judge: Timothy B. Tomasi

In the above-entitled cause, the Clerk will enter:

Petitioner, who is in the custody and control of the Vermont Department of Corrections through a prisoner exchange with the State of Minnesota under the Interstate Corrections Compact, 28 V.S.A. §§ 1601-1621, appeals a decision of the civil division of the superior court dismissing his petition for post-conviction relief (PCR). We affirm.

Defendant was convicted of first-degree murder in a Minnesota court and eventually transferred to a Vermont correctional facility pursuant to the Compact. He filed a PCR petition in Vermont superior court, arguing that the Vermont Constitution entitled him to representation by a Vermont attorney in a Vermont court to challenge his Minnesota conviction. See Vt. Const. ch. I, art. 4 ("Every person within this state ought to find a certain remedy, by having recourse to the laws, for all injuries or wrongs which one may receive in person, property or character . . . .").* The superior court denied petitioner's request for counsel and dismissed his petition for lack of subject matter jurisdiction. As the court noted, in Vermont, as in Minnesota, a PCR petition may be brought in the "superior court of the county where the sentence was imposed." 13 V.S.A. § 7131; see Minn. Stat. Ann. § 590.01. Accordingly, the court concluded that because petitioner's sentence was not imposed in a Vermont county, and Minnesota law does not permit PCR claims to be heard out of state, the Vermont superior court lacked jurisdiction to consider the petition. As the court explained, although the receiving state under the Compact has jurisdiction over matters such as inmate discipline, visitation, and classification, out-of-state inmates are at all times subject to the jurisdiction of the sending state regarding transfer, release, and other matters concerning their conviction or original sentence. 28 V.S.A. § 1604(c), (e). Accordingly, petitioner must challenge his conviction in the state where he was

---

* The Vermont Prisoner's Rights Office forwarded petitioner's complaint to the Minnesota public defender's office, which denied representation because petitioner had been provided counsel in his direct appeal of his conviction in Minnesota. See Hughes v. State, 851 N.W.2d 49, 51 (Minn. 2014) (noting that "a defendant who has been represented by counsel on direct appeal has no right under the Minnesota Constitution to the assistance of appointed counsel in a subsequent postconviction proceeding").

originally convicted and sentenced. Nothing in the general remedy provision of the Vermont Constitution, which is not unlimited, alters that fact.

On appeal, petitioner does not challenge any of the reasoning of the superior court, but rather submits a lengthy brief explaining why he was unlawfully convicted. During his oral argument to this Court, petitioner argued that his personal contacts with the State provided personal jurisdiction and that transfer, rather than dismissal, was a permissible remedy, citing Sylvester v. Pipino, No. 1:12-cv-00057 (jgm), 2012 WL 5843143 (D. Vt. Nov. 19, 2012). The superior court did not rule that it had no personal jurisdiction, and the transfer statute, cited in Sylvester, applies only to federal court actions. For the reasons stated by the superior court, we affirm the court's decision to dismiss the petition.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice