LILLEHAUG, Justice.
This case requires that we decide whether the felony-enhancement provision in the domestic-assault statute, Minn. Stat. § 609.2242, subd. 4 (2018), is ambiguous. Because it is not and enhancement was proper in this case, we affirm the decision of the court of appeals.
FACTS
The underlying facts in this case are not in dispute. On June 22, 2009, appellant John Wesley Defatte broke into the Hubbard County home of his estranged wife, D.L.D., and assaulted her. Defatte was charged by the Hubbard County Attorney with five counts, including third-degree assault causing substantial bodily harm, Minn. Stat. § 609.223, subd. 1 (2018), and domestic abuse by violation of an order for protection (OFP), Minn. Stat. § 518B.01, subd. 14(a) (2018). A jury found Defatte guilty of three of the five counts, including the third-degree-assault and OFP charges, and the court convicted him accordingly. Defatte was sentenced on the assault conviction, but not on the OFP conviction.
On March 11, 2018, police received a call from M.R.D., whom they referred to as Defatte's wife. She alleged that Defatte and M.R.D.'s daughter were arguing, that Defatte "went after [M.R.D.'s daughter] and made a fist at her," and that Defatte had pushed M.R.D. to the ground when she "got in between" Defatte and her daughter. M.R.D.'s daughter gave a statement consistent with her mother's. M.R.D. subsequently told police that Defatte had threatened "to burn the house down while [M.R.D. and her daughter] were sleeping."
Defatte was charged by the Cass County Attorney with four offenses, including domestic assault with intent to cause fear in another of immediate bodily harm, Minn. Stat. § 609.2242, subd. 1(1) (2018) (Count 3), and domestic assault while attempting to inflict bodily harm upon another, Minn. Stat. § 609.2242, subd. 1(2) (Count 4). Because Defatte allegedly committed these two offenses "within ten years of the first of any combination of two or more previous qualified domestic violence-related offense convictions"-that is, the Hubbard County convictions-Count 3 *340 and Count 4 were charged as felonies under Minn. Stat. § 609.2242, subd. 4 ( Subdivision 4 ).
Defatte moved to strike Count 3 and Count 4 for lack of probable cause. He argued that using his Hubbard County convictions to enhance Counts 3 and 4 to felonies was inconsistent with Minn. Stat. § 609.035 (2018), which prohibits multiple punishments for the same course of conduct. The district court concluded that, to comply with section 609.035, "only convictions for which [Defatte] has been sentenced may be used for enhancement of an offense" under Subdivision 4. Because Defatte had been sentenced on only one conviction in the Hubbard County case, the district court reasoned, the felony enhancement was not authorized in the Cass County case. The district court granted the motion to strike.
The State appealed under Minn. R. Crim. P. 28.04, subd. 1(1), which allows prosecutors to appeal "probable cause dismissal orders based on questions of law." The court of appeals, in a published decision, reversed. It concluded that "[t]o affirm ... we would have to read an additional requirement into an otherwise unambiguous statute," and declined to "add terms or meanings that are absent from unambiguous statutory language." State v. Defatte , 921 N.W. 2d 556, 562 (Minn. App. 2018). The court rejected Defatte's argument that section 609.035 prohibited enhancement under Subdivision 4 because it conflated "the prohibition against sentencing a defendant" found in the former, with the "[charging] enhancement " found in the latter. Id.
We granted Defatte's petition for review.
ANALYSIS
Subdivision 4 designates acts that allegedly violate the domestic-abuse statute as felonies if those acts are committed "within ten years of the first of any combination of two or more previous qualified domestic violence-related offense convictions." Minn. Stat. § 609.2242, subd. 4. We review questions of statutory interpretation de novo. State v. Overweg , 922 N.W.2d 179, 182-83 (Minn. 2019).
"The first step in statutory interpretation is to 'determine whether the statute's language, on its face, is ambiguous.' " Larson v. State , 790 N.W.2d 700, 703 (Minn. 2010) (quoting Am. Tower, L.P. v. City of Grant , 636 N.W.2d 309, 312 (Minn. 2001) ). "A statute is ambiguous only when the statutory language is subject to more than one reasonable interpretation." State v. Fleck , 810 N.W.2d 303, 307 (Minn. 2012). If a statute is unambiguous, we "apply the statute's plain meaning." Larson , 790 N.W.2d at 703.
"If a statute does not define a ... phrase, we give that ... phrase its 'plain and ordinary meaning.' " State v. Prigge , 907 N.W.2d 635, 638 (Minn. 2018) (quoting State v. Hayes , 826 N.W.2d 799, 803-04 (Minn. 2013) ). "Statutory words and phrases must be construed according to the rules of grammar and common usage." Larson , 790 N.W.2d at 703 (citing Minn. Stat. § 645.08(1) (2018) ).
There is no question that Defatte had more than one conviction -as opposed to more than one sentence -in his Hubbard County case. Perhaps recognizing this, Defatte shifted his argument here and deemphasized Section 609.035. Now, he emphasizes that the Hubbard County convictions were entered at the same time. Such convictions, he argues, do not fall within the plain language of Subdivision 4, because "when multiple convictions are so entered, one conviction cannot be first relative to the other." The State agrees that the statute is unambiguous, but argues that the *341 facts of this case fit squarely within the plain meaning of Subdivision 4.
Under Minnesota Statutes § 609.2242, titled "Domestic Assault," it is a misdemeanor to (1) "commit[ ] an act with intent to cause fear in another of immediate bodily harm or death" or (2) "intentionally inflict[ ] or attempt[ ] to inflict bodily harm upon another" when the victim is "a family or household member." Minn. Stat. § 609.2242, subd 1. Subdivision 4 enhances these misdemeanor offenses to felonies:
Subd. 4. Felony . Whoever violates the provisions of this section or section 609.224, subdivision 1, within ten years of the first of any combination of two or more previous qualified domestic violence-related offense convictions ... is guilty of a felony....
(emphasis added). This language requires only (a) that the individual have "any combination" of two or more previous qualifying convictions, and (b) that the alleged violation must be within 10 years of the first of those convictions. The plain language of the statute refers to convictions, not sentences. It contains no limiting language that requires the previous qualified convictions to come from separate behavioral incidents or be entered on different dates.
We are not persuaded by Defatte's argument that, when two convictions are entered at the same time, neither can be "first." As used in Subdivision 4, the adjective "first" means "being number one in a countable series." Webster's Third New International Dictionary 856 (1961). There is no statutory language, express or implied, or logic that two convictions entered on the same day are not "a countable series." Cf. Overweg , 922 N.W.2d at 184 (concluding that the phrase "has previously been convicted," as used in the conditional-release scheme created by Minn. Stat. § 617.247, subd. 9 (2018), is sequential).
According to the Hubbard County District Court certificate of conviction, Defatte was convicted first of third-degree assault causing substantial bodily harm, see Minn. Stat. § 609.223, subd. 1, on December 3, 2010. He was then convicted of the second of his two qualified offenses: violating an OFP, see Minn. Stat. § 518B.01, subd. 14(a). This second conviction exposed Defatte to the enhancement under Subdivision 4 if he were to violate section 609.2242 within 10 years of the Hubbard County convictions. Id. He allegedly did so fewer than 8 years later, on March 11, 2018. The Cass County domestic-abuse charges against Defatte thus qualify for the enhancement provided by Subdivision 4. The district court erred when it concluded otherwise.
CONCLUSION
For the foregoing reasons, we affirm the decision of the court of appeals.
Affirmed.