# STATE OF MINNESOTA
## IN COURT OF APPEALS
### A23-0516

State of Minnesota,
Respondent,

vs.

Anthony Richard Smeby,
Appellant.

**Filed March 4, 2024**
**Affirmed**
**Reyes, Judge**

Hennepin County District Court
File No. 27-CR-21-18490

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Mary F. Moriarty, Hennepin County Attorney, Zachary Stephenson, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Benjamin J. Butler, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Connolly, Presiding Judge; Reyes, Judge; and Florey, Judge.*

## SYLLABUS

Under Minn. Stat. § 595.02, subd. 1(d) (2020), the physician-patient evidentiary privilege does not apply to communications between paramedics and patients.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**OPINION**

**REYES**, Judge

In this direct appeal from his conviction of first-degree driving while impaired by a controlled substance (DWI), appellant argues that (1) the physician-patient privilege barred admission of appellant's statements to the paramedics and (2) the police relied on an unconstitutionally overbroad search warrant to obtain appellant's medical records. We affirm.

**FACTS**

On August 4, 2021, a Crystal police officer responded to a report of a car crash in Brooklyn Park involving appellant Anthony Richard Smeby. Appellant's car had rear-ended the vehicle in front of him, which in turn caused that vehicle to crash into the vehicle in front of it. The officer went to the vehicles to ensure that the occupants were unharmed. Appellant had suffered no obvious trauma but was unresponsive when the officer performed a sternum rub[1] to try to wake him. Appellant's airbags had deployed, and his vehicle was still in gear. The officer did not smell any alcoholic beverage but observed that appellant had pinpoint pupils and very shallow breathing. The officer suspected appellant was impaired by a controlled substance, so he administered Narcan, which reverses the effects of opiates, to appellant. By this point, additional officers had arrived, one of whom used a bag-valve mask to assist appellant with his breathing. The first dose

---

[1] The officer testified that a sternum rub is a painful stimulus to wake unresponsive individuals.

of Narcan was not effective, so the officer administered a second dose. A few minutes after the second dose, appellant started to wake and began to speak with the officers.

When the paramedics arrived, appellant was still "breathing very slowly." The paramedics transported him to the hospital. Appellant initially denied that he had used any drugs, but later admitted to paramedics that he had snorted "too much" heroin. During transport, appellant's cognitive awareness improved, and by the time they arrived at the hospital, appellant correctly answered questions about the date and time.

At the hospital, the emergency-room nurse determined that appellant had no abrasions or broken bones. The nurse testified that appellant did not tell her what drug he had used. She also testified that at some point, appellant's girlfriend entered the exam room and told the nurse that appellant had used heroin.

Appellant left the hospital before law enforcement obtained a search warrant for a blood sample. On September 28, 2021, police sought and obtained a search warrant for appellant's medical records from the day of the crash. One week later, respondent State of Minnesota charged appellant with DWI in violation of Minn. Stat. § 169A.20, subd. 1(2) (Supp. 2021). Prior to trial, appellant moved to suppress his medical records and any evidence obtained through his medical records. The district court determined that the search warrant had been sufficiently particular and did not violate appellant's Fourth Amendment rights. The district court also determined that, while the physician-patient privilege applied to appellant's medical records, it did not apply to statements appellant made to the paramedics, statements appellant made in the presence of his girlfriend, or statements made by appellant's girlfriend. As a result, the district court determined that

3

appellant's statements made to the paramedics and statements made by appellant's girlfriend were admissible but suppressed the remainder of appellant's medical records.

A jury found appellant guilty, and the district court sentenced him to 66 months in prison.  This appeal follows.

## ISSUES

I.     Did the district court err by determining that appellant's statements to the paramedics are not protected under the physician-patient privilege?

II.     Did the district court err by not suppressing all evidence obtained through the search warrant?

## ANALYSIS

**I.     Statements appellant made to the paramedics are not protected under the physician-patient privilege.**

Appellant argues that the district court erred by not suppressing the statements he made to the paramedics under the physician-patient privilege.  We disagree.

Whether an evidentiary privilege applies is a question of law that appellate courts review de novo. *State v. Expose*, 872 N.W.2d 252, 257 (Minn. 2015).  Appellate courts review the interpretation of a statute de novo. *State v. Defatte*, 928 N.W.2d 338, 340 (Minn. 2019).  The first step in statutory interpretation is to determine whether a statute is ambiguous, and if the statute is unambiguous, appellate courts interpret the statute based on its plain meaning. *State v. Riggs*, 865 N.W.2d 679, 682-83 (Minn. 2015).

Minnesota Statutes section 595.02, subdivision 1 (2020), contains a list of evidentiary privileges, such as the marital privilege, the attorney-client privilege, and the

4

clergy-penitent privilege. The physician-patient privilege is included on the list, Minn. Stat. § 595.02, subd. 1(d), and is "solely a creature of statute." *State v. Atwood*, 925 N.W.2d 626, 631 (Minn. 2019). The physician-patient privilege is construed narrowly. *Id.* (quotation omitted). The statute provides:

> A licensed physician or surgeon, dentist, or chiropractor shall not, without the consent of the patient, be allowed to disclose any information or any opinion based thereon which the professional acquired in attending the patient in a professional capacity, and which was necessary to enable the professional to act in that capacity.

Minn. Stat. § 595.02, subd. 1(d). A separate subdivision in the statute covers registered nurses, psychologists, and licensed social workers. *Id.*, subd. 1(g). The plain and unambiguous language of the statute explicitly lists the medical professionals who are prohibited from sharing information without the consent of their patient. Paramedics are not among the listed professionals, and it is impermissible for courts "to add words or phrases to an unambiguous statute." *State v. Hensel*, 901 N.W.2d 166, 178 (Minn. 2017) (quotation omitted). We hold that, under the plain language of Minn. Stat. § 595.02, subd. 1(d), the physician-patient evidentiary privilege does not apply to communications between paramedics and patients.[2]

Appellant cites *State v. Staat*, in which the Minnesota Supreme Court evaluated whether "a confidential physician-patient relationship existed between defendant and the

---

[2] We previously reached the same conclusion in a nonprecedential opinion. *Jondro v. Comm'r of Pub. Safety*, No. C2-95-330, 1995 WL 507615, at *2 (Minn. App. Aug. 29, 1995) ("The legislature has not extended the statutory physician-patient privilege to paramedics."). We are not bound by nonprecedential opinions and cite to *Jondro* only for its persuasive value. Minn. R. Civ. App. P. 136.01, subd. 1(c).

5

hospital physicians and other persons participating in defendant's examination and treatment." 192 N.W.2d 192, 197 (Minn. 1971). Appellant argues that this language extends the statutory physician-patient privilege to cover communications between paramedics and patients. In *Staat*, however, the Minnesota Supreme Court noted a limitation from caselaw on the physician-patient privilege to "nurses or attendants who are employees or acting under the direction of the physician examining or treating the patient." *Id.* (quotation omitted). The paramedics who transported appellant to the hospital were not "under the direction" of the emergency-room physician who treated him, so we conclude that *Staat* does not support appellant's argument.

We therefore conclude that the district court did not err by refusing to suppress appellant's statements to the paramedics because they were not privileged.

## II. The district court did not err by allowing the admission of evidence that was not protected by the physician-patient privilege.

Appellant argues that the district court erred by failing to suppress his medical records as the fruit of an unconstitutionally overbroad search warrant that also sought privileged information. We disagree.

"When reviewing a district court's pretrial order on a motion to suppress evidence, [appellate courts] review the district court's factual findings under a clearly erroneous standard and the district court's legal determinations de novo." *State v. Gauster*, 752 N.W.2d 496, 502 (Minn. 2008) (quotation omitted).

Both the U.S. and Minnesota Constitutions require a search warrant to describe with particularity the items to be seized. U.S. Const. amend. IV; Minn. Const. art. I, § 10. This

6

requirement prohibits exploratory searches by law enforcement. *State v. Fawcett*, 884 N.W.2d 380, 387 (Minn. 2016). "[W]hen determining whether a clause in a search warrant is sufficiently particular, the circumstances of the case must be considered, as well as the nature of the crime under investigation and whether a more precise description is possible under the circumstances." *State v. Miller*, 666 N.W.2d 703, 713 (Minn. 2003).

The warrant for appellant's medical records was sufficiently particular because it authorized a search for appellant's medical and ambulance records and was limited to the date of the accident and to the hospital at which appellant was treated. Because the warrant restricted the contents, time, and location of the records sought, we conclude that the district court did not err by refusing to suppress the medical records obtained through the warrant.[3]

Not only was the warrant itself sufficiently particular, but the district court also properly limited the state to presenting evidence that was not protected by the physician-patient privilege. To determine whether the physician-patient privilege applies, courts apply a four-element test and must find that: (1) a "confidential physician-patient relationship existed;" (2) the information acquired by the physician was of the type contemplated by the statute; (3) the information was acquired while the physician treated

---

[3] Appellant relies primarily on a nonprecedential case from this court to argue that the search warrant for his medical records was not sufficiently particular. *State v. Haugen*, No. C7-99-1739, 2000 WL 821554 (Minn. App. June 27, 2000). In addition to being a nonprecedential case that is not binding, *Haugen* did not fully analyze whether a search warrant seeking medical records is overbroad and instead concluded that the inevitable-discovery exception applied, so the evidence was properly admitted. *Id.* We do not find the analysis in *Haugen* persuasive here.

the patient; and (4) the information was necessary for medical treatment. *Atwood*, 925 N.W.2d at 629 (quoting *Staat*, 192 N.W.2d at 197). After considering these four elements, the district court determined that only "statements made by [appellant] to paramedics" and "by [appellant's] girlfriend herself" were admissible.

Both of these legal determinations were correct. First, statements to paramedics are not protected by the physician-patient privilege, as we concluded above. Second, the statements appellant's girlfriend made to the nurse are not protected by the physician-patient privilege. "The presence of a third party during consultation or treatment renders statements a patient makes to a physician nonprivileged if the third party is not a necessary and customary participant in the consultation or treatment." *State v. Gillespie*, 710 N.W.2d 289, 298 (Minn. App. 2006), *rev. denied* (Minn. May 16, 2006). In *Gillespie*, the patient's sister was present during the consultation with the physician, and we concluded that the sister was not a necessary and customary participant in treatment. *Id.* The same logic applies here. Appellant's girlfriend was not necessary to appellant's treatment because appellant was conscious and interacting with staff. Any statements appellant's girlfriend made to the nurse were therefore not protected by the physician-patient privilege.

In sum, the district court carefully analyzed appellant's motion and suppressed all information protected by the physician-patient privilege, while permitting the state to introduce evidence that was not privileged. We therefore conclude that the district court did not err by not suppressing appellant's unprotected medical records obtained through the warrant.

**DECISION**

We hold that, under Minn. Stat. § 595.02, subd. 1(d), the physician-patient evidentiary privilege does not apply to communications between paramedics and patients. As a result, appellant's statements to the paramedics were not protected by the physician-patient privilege. We also conclude that, because the search warrant was sufficiently particular, the district court did not err by not suppressing appellant's unprotected medical records.

**Affirmed.**